# DECISIONS

OF THE

# SUPREME COURT OF MISSOURI,

## SECOND JUDICIAL DISTRICT.—Aug. Term 1836.

### Davidson v. Peck.

1. In assumpsit for money paid to the use of def. the record of a circuit court in Ky. is admissible to prove a recovery against pltf. and def. for the same thing, and that plaintiff paid the amount, other evidence may then establish that pltf. was merely security.
2. It is not necessary to the admission of such testimony, going to prove the actual relation of the parties, that the deposition containing it should recite the record.
3. Where the circuit court overrules a motion to exclude certain depositions, on account of alleged informalities in their execution, and the fact of such informalities existing, is not preserved by bill of exceptions, the court above cannot know but that the court below overruled the motion, because the facts were falsely stated in the motion.
4 If the circuit court sitting as a jury finds a defective verdict, its judgment will not be reversed in the appellate court, unless a motion was made in the court below to arrest the judgment and overruled.

ERROR to circuit court of Montgomery county.

*Chambers for pltf. in error, contended,*

1st. That the court erred in suffering the depositions to be read so far as they related to the contents of a judgment and decree, without a certified copy of the judgment and decree—Mo. laws, p. 223, S. 3; 1 Starkie Ev. 353 and 354.

2nd. The testify of certain executions, replevy bonds and endorsements on some, and they fail to give any regularly certified copy of these executions, replevy bonds or endorsements.

3rd. The copies which they give, are not sworn copies, for they do not appear to have had the custody of the document, nor any authority to examine and state them as copies, besides the executions which they give, show that they were returned and made a part of the record. Wherefore the whole and not a part of the record should have been given.

4th. The clerk certifies that they are copies, but not under the seal of his court; consequently his certificate is of no avail.

5th. The executions do not show that Peck was Davidson's security, nor do they on their face show any identity or connexion with the suit against Davidson as administrator, for they are simply against Davidson and Peck, in their individual capacity.

6th. As to the admission of the record, this objection exists, throughout the record of the recovery in Kentucky there is no averment against Davidson that he ever executed the administration bond, nor that he ever gave Peck as his security, or that he ever had forfeited his bond and made his security liable for the penalty or any part of it; nor is the bond any where set out in the proceedings against Davidson. For Peck to recover, these things were material for him to make out, viz: 1st. The execution by Davidson, and Peck as his security of the bond. 2nd, the breach. 3rd, the damages, and 4th, the payment of the damages by Peck. Yet, so far as Davidson is a party to the record, neither of these things [were] averred, nor has he ever been furnised with an opportunity of denying either or any one of them, or defending himself against them or any of them. So far as the record furnishes any evidence of Peck being Davidson's security, it is evidence made by Peck himself—3 Starkie, p. 1384; 2 Starkie, p. 182 to 189, and note 1.

7th. The statements of Horton are made under such circumstances, that their truth may well be doubted; and if true do not justify the judgment of the court. There is no date time, place nor occasion given for the transactions which he decribes; and it is given under such circumstances as precluded the defendant from the power of proving their falsity.

8th. The issue is not found. The court simply find that the plaintiff hath sustained damages to the amount of $701,71 cts. and give judgment, but don't find the issue, which was assumpsit vet non.

9th. The court gave judgment for the amount paid by Peck on the decree, but also his costs. If Peck and Davidson had been sued separately, Peck could not have recovered his costs of Davidson. Quere. Can he then in a joint action recover them?—3 Starkie. 1384, note 3.

10th. On the back of the record, the clerk of the Barren circut court, certifies the amount that Peck had paid, as appeared by the record, as Davidson's security. This the court suffered to be used as evidence. This was clearly error on the part of the court, for the clerk had no authority to make any such certificate.

*Campbell for def. in error.*

This was an action of assumpsit to recover a large sum of money, paid by Jacob Peck in Kentucky, as the security of the said Alexander Davidson. As such it [is] a debt of the highest dignity, and should not be permitted to be avoided on mere matters of form or technical objections, unless the proceedings be such as are clearly illegal.

In the first place, the said Peck by his attorney, objected to admission of certain depositions—to the admission of a certain record from Kentucky, and to the sufficiency of the evidence to make out the case. The declaration has three counts: 1st. A special count on a Kentucky decree to recover $845, paid by Peck as the security of Davidson, with interests and costs.

2nd. A count for $1000, had and received by Davidson to use of Peck.

3rd. A count for $1000, laid out and expended by Peck to the use of Davidson.

Plea genl. issue—writ issued March 1831.

At Sept. terms, 1831 and 1832, two sets of depositions excluded on motion for formal objections.

At May term 1833, a motion to exclude certain parts of three depositions overruled and excepted to.

At Sept. term 1833, cause tried and the court sitting as a jury, gave verdict for pltf. for $701, 93¾, and costs—motion for a new trial—overruled, judgment accordingly —bill of exceptions.

On the part of Peck, I contend that the court did right in admitting said depositions. The only objection taken to them is, that the witnesses in general terms, refer to the judgment executions and other parts of the record on which the money was paid, without a full copy of the record accompanying the same. I contend first, that this is merely a useful directory provision of the statute, for the convenience of practice; and that if wholly neglected, would not be sufficient to set aside the depositions; if it appear that they are unnecessary to the justice of the cause; and that depositions are fully intelligible without such papers referred to. And further, that in this case the law has been complied with.

The clerk, sheriff and attorney, when depositions are given, state distinctly the fact of certain money that was paid to them by Peck, as the security of Davidson, on certain executions and bail bond. Copies of which executions and bail bond, are annexed and referred, and sworn to by each witness, as the same on which the mon-

ey was paid; and the decree is merely referred by way, stating the title and general nature of the cause which in the executions issued.

I contend that it is not the meaning and intention of our statute, that when a paper attached to a record is referred to, that a full certified copy of that record, should be produced, but merely such copies as will render the depositions intelligible. The absurdity of such a construction would evidently apper from an inspection of the record in the cause in which these executions issued, which record fills 66 heavy pages. To be compelled to embody such a body of copies of record in every deposition would be excessively expensive, inconvenient, burdensome and in many cases wholly impracticable. To require such a course, would in all such cause as this, amount to a total denial of justice, the copies are not under the seal of the court, but they in reality sworn to by all three of the witnesses. These depositions are all taken with great care and accuracy, and the statements therein made with great clearness, and properly certified. It is very unusual to find depositions taken out of our State that conform to our statute as well as these do.

I also contend that the court did right in admitting the copy of record from Kentucky; it is in every respect properly certified and authenticated; and the only objection to it is, that the clerk on the back of it has made an endorsement, that the true amount paid by Peck in said decree was $732, 66, with interest from 25th March 1829, and the costs. This is merely a memorandum of the clerk, made to assist those who might get the record in making their calculations. It follows the certificate of the clerk and judge forms no part of the record; and was neither offered in evidence nor objected to on the trial. It is a memorandum, and on comparison with the record itself, it will be found correct, as to the amount paid by Peck, but it forms no part of the record.

The said record shows the following state of facts, as the foundation of Peck's claim:

On the 4th of July 1817, John Martin filed a bill in chancery against Alexander Davidson and others, in Barren circuit court, Ky. complaining that said Peck was administrator of Wm. Ross. That he had long mismanaged said estate, and improperly disposed of the property, and vexatiously refused to make distribution to said Martin and other heirs. Peck made answer, admitting that he was administrator and denying the charge.

After much delay, said Martin filed an additional

amended bill: complaining that Davidson the admr. had made his escape from the State of Kentucky, and praying to have Peck and others as securities, made parties to the bill; with this bill as a part thereof, was filed a copy of the original administration bond, signed by Davidson, Peck and others. To this bill Peck filed his answer admitting that he was the security for Davidson in said administration bond: that he knew but little of the transaction, and requiring proof of the allegations in the bill. Davidson also after that time, filed an amended answer, and frequently for seven years, appeared in the cause by his attorney, made motions and continued a party to the cause.

An interlocutory decree was rendered against Davidson as principal and Peck as his security in said bond. And a jury was ordered to try an issue; upon the finding of the issue by that jury, a final decree was rendered on the 25th March 1829, against said Davidson as administrator and said Peck as his security, for $846, 37, interests and costs, amounting in all to more than $1000. To all these proceedings, said Davidson by his attorney made his appearance and filed no exceptions, took no appeal, but acquiesced in the decision. The depositions and record clearly show that the money was paid by Peck, the security to a much larger amount than the judgment rendered in his favor in the Montgomery circuit court.

I contend further, that the admissions made by Davidson to Howard and Horton, are sufficient to establish the general count, for money laid out and expended, independent of the record and depositions.

The objection to the allowance of the costs paid by Peck, is a most inequitable objection in an equitable action. The security in administration bond, cannot avoid the costs by paying up the money in the manner that the security in plain liquidated obligations could do. Because he cannot tell how much his principal is in default until a judgment be given.

The objection raised to the form of the verdict and judgment is founded on a mere clerical defect, which should not prejudice the rights of the parties.

This court will not undertake to reverse the proceedings of the court in Kentucky. Legal proceedings are known to be carried on much more loosely and in a different manner in Kentucky from what they are here. But if the proceeding against Davidson in Ky. was not according to our practice or strict notions of regularity,

AUG. TERM
1836.

Davidson
v.
Peck,

Statement of the
ease.

it will not be sufficient to induce a court in Missouri to screen an absconding debtor on that account.

Opinion of the court delivered by McGirk J.*

Peck brought an action of assumpsit against Davidson, to recover money laid out and expended by him for the use of Davidson. There are three counts in the declaration, the last of which is, for money paid by Peck to the use of Davidson; on this count the court assessed the damages of the plaintiff and gave judgment.

On the trial of the cause, the plaintiff gave in evidence a transcript of a record of the circuit court of Barren county, of the State of Kentucky, sitting as a court of chancery. Whereby it appeared that one Martin had brought a suit in chancery against Davidson as the administrator of the effects of one Ross, to recover a distribution share of said estate. That Davidson was duly served with process, and made no defence to the suit, but left the State of Kentucky and removed to Missouri. That then Martin amended his bill, shewing that Davidson had left the State, and shewing that Peck was Davidson's security in the administration bond; the amended bill made Peck a party. Peck answered and admitted the securityship. And then the court decreed that Davidson and Peck should pay to the complainant, the sum of seven hundred and thirty-one dollars and sixty-six cents, with interest thereon, at the rate of six per centum. Also, the further sum of one hundred and three dollars and five cents, with six per cent. interest till paid. One Ross a party also, recovered the sum of ten dollars, 66 cents, and the decree gave the costs generally, against Davidson and Peck.

Several executions were also copied in the transcript of the record, which went to show the payment of the money or a part by Peck.

Opinion of the
the court.

In assumpsit for
money paid to the
use of def. the
record of a circuit
court in Ky. is ad-
missible to prove
a recovery against
pltf. and def. for
the same thing,
and that plaintiff
paid the amount,
other evidence

The defendant objected to this record and every part as evidence. On this point we see no valid objection to the record being allowed. The objection pointed out by counsel is, that the record does not shew that Peck was Davidson's security, in any other way than by the allegation in Martin's amended bill, making Peck a party, and by Peck's answer to that bill admitting the fact. It is true that the allegations of Martin against Peck as to the securityship, and Peck's admissions of the truth of them, will be no proof of themselves that Peck was security—

---

*Judge Tompkins absent.

and that unless the fact be proved by other evidence, the plaintiff could not recover. But the record was properly admitted, to show that Davidson had a decree against him; and that Peck had a decree against him for the same thing; and that Peck paid the amount of the decree.— Then, other evidence might and did properly come in, to shew the true relation in which the parties stood in regard to each other. The plaintiff did prove that Davidson acknowledged that Peck was his security, and had paid the money or a portion of it. There was no error committed on this point.

AUG. TERM 1836.

Davidson
v.
Peck.

may then establish that pltf. was merely security.

The next objection made by Davidson in the court below, was that certain depositions ought to have been excluded from the jury. These depositions were taken in the State of Kentucky, and from their contents appear to be the depositions of the attorney of Martin, in the cause then decided, and of the clerk of the Barren circuit court.

It is not necessary to the admission of such testimony, going to prove the actual relation of the parties, that the deposition containing it should recite the record.

Richard Garret the clerk, in his deposition says, that at the March term of the circuit court 1829, for Barren county, of which court he is clerk: there was a decree rendered in favor of John Martin, against Davidson and Peck for a considerable sum; and that Peck afterwards made several payments &c.

It is objected to this deposition, that as the witness speaks of a decree of a court of record, the decree or the authenticated copy of it, ought to have been before him and identified, enclosed and sent on with the deposition, otherwise the deposition should be suppressed.

The objection appears to be predicated on the rule that when a witness in giving testimony, speaks of a written instrument which relates to the matter in hand, the instrument must be produced, otherwise the evidence regarding the instrument is to be set aside. The rule cannot be applied to the case at bar. In this case, Peck must prove the fact that there is such decree by the authenticated record, otherwise he could not recover at all. When that is done, testimony which tends to show who satisfied or paid the amount of the decree, ought to be admitted without re-producing the decree. All that is wanted is to give such general description of the decree, that it may be seen that the payments proved do apply to the proper case. When this is the object of testimony, the fact that a copy was before the witness when he spoke of it, will not enable him to identify it exactly, so as to make it appear without further examination, that it is the copy of the decree to which the testimony relates;

this can only be done by a general reference to the fact that such a suit or decree existed.

It cannot be true that in every case where a witness speaks of the existence of a suit between parties, that the record of that suit must be produced, otherwise the testimony is to be set aside.

When a witness says certain monies were paid on account of, or in discharge of a certain judgment or execution, the testimony is good so far. But if the fact, whether such judgment or execution ever had any existence, should be put in issue, or should be otherwise material, then the record of them must be produced. Upon this ground, it seems to us, the court committed no error in refusing to suppress the deposition of the witness Garrett.

Where the circuit court overrules a motion to exclude certain depositions, on account of alleged informalities in their execution, and the fact of such informalities existing, is not preserved by bill of exceptions, the court above cannot know but that the court below overruled the motion, because the facts were falsely stated in the motion.

The other deposition was that of the attorney of Martin, to whom the payments were made by Peck. This deposition goes on to say, that on certain executions issued on the decree against Davidson and Peck, the witness had received certain payments and made certain receipts. The witness says, copies of those executions were then before him, and annexed to his deposition.— The defendant moved the court to exclude the depositions, because the copies attached to the same, were not duly authenticated copies under the seal of the Barren circuit court. The court overruled the objection and received the deposition as evidence.

We can see no ground on which we can know the court erred. It may be, the objection was overruled because the fact alleged by the motion was not true, and if so, there was no error. The record no where informs us how that fact was; and if the fact had been so, that fact should have been preserved. Then the question whether the copies ought to be under the seal of the court or not, would arise. The counsel for Davidson argue that the fact that there was no seal to the copies, is affirmed by the reasons in the motion; and that as this is not denied it must be taken to be true. This ground is not sound. The motion may have been overruled for the very reason that the fact was not true, all the court had to do was to sustain or overrule the motion, unless the party required the court by a bill of exceptions, to state how the facts were.

If the circuit court sitting as a jury finds a defective verdict, its judgment will not be

The next point made is, that this judgment ought to be reversed, because the verdict of the court does not find the matter in issue. The action was assumpsit, plea non assumpsit. The finding of the court is, that the court

find that the plaintiff has sustained damages, to the amount of seven hundred and one dollars and ninety-one 4th cents. Wherefore it is considered that the plaintiff recover &c.

It is very true, that the issue is not expressly found, and the verdict is bad, unless the matter is cured by the statute.

The statute says no exception shall be taken to any thing, unless expressly decided on by the court below.

In this case, no motion was made in arrest of judgment. The attention of the court below, was never called to this defect; if it had, there can be no doubt that the matter would have been speedily corrected. The counsel on both sides, have been requested to look into the decision of this court, to see if any case can be found where a judgment was reversed for such a defect, as exists in this case. The result of that enquiry is, that no such case can be found. Though several cases have been shewn where judgments have been reversed for like defects, but in every instance, the motion in arrest was made in the court below. We are therefore of opinion, that unless there had been a motion to arrest the judgment, and that had been refused, the objection is too late.

The defendant made a motion for a new trial, on the ground that the evidence did not sustain the finding of the court. On this ground, we are satisfied the evidence was sufficient as to every thing, except that the verdict is for about ten dollars too much. But the plaintiff having remitted that much, we ought now to grant a new trial. Indeed, for so small a sum in a case like this, it is matter of some doubt whether a new trial ought to have been granted, if there had been no remittiter made.

The judgment is affirmed with costs.