# DECISIONS

## OF THE

## SUPREME COURT OF MISSOURI.

### SECOND JUDICIAL DISTRICT,

#### OCTOBER TERM 1839.

---

### GRIFFIN & KINOTE v J. & C. SAMUEL

1. A bond, signed by a partner in the name of the firm, may be described, in a petition in debt, as the bonds of any one of the partners; our statute permitting the obligee to sue as many of the obligors as he thinks proper.
2. The want of service of a writ is cured by appearance and defence.
3. If the Circuit Court, setting as a jury, finds a defective verdict, its judgment will not be reversed in the appellate Court, unless a motion was made in the Court below to arrest the judgment and overruled.

Error to Circuit Court of Monroe County.

Van Arsdall for plaintiff.

1. The writing read in evidence does not appear to be the one sued upon, or that is set forth in the petition.

2. The judgment of the court below is given against Isaac N. Griffin and Henry Kinote, when from the return of the sheriff it appears that the sheriff's summons was only served on Kinote.

3. The note set forth in the petition purports to have been executed by Isaac N. Griffin & Henry Kinote, and the one offered in evidence appears to be executed by J. & I. N. Griffin and Henry Kinote.

Statement of the case made, and opinion of the Court delivered by Napton, Judge.

The defendant in error sued the plaintiff, in error, by petition in debt, in the Circuit Court of Monroe County. The petition is as follows:

OCT. TERM 839.

Griffin & Kinote vs, J. & C. Samuel,

Jameson Samuel & Churchill Samuel, formerly partners, trading under the name and style of Jameson Samuel & Co., plaintiffs, state that they are the legal owners of a bond, against the defendants, Isaac N. Griffin [signed by said Griffin by the name and description of I. N. Griffin] and Henry Kinote which said note was executed to the said plaintiff by the name and description of Jameson Samuel & Co., and is to the following effect.

Four months after date we or either of us do promise to pay Jameson Samuel & Co., the sum of four hundred and seven dollars & 89 cents, for value received bearing ten per cent interest from the date without defalcation or discount, given under our hands and seals this 7th day of May 1838.

J. & I. N. Griffin LS.

Henry Kinote,   LS.

Yet the debts remains unpaid &c.

A summons issued on the above, and the return of the officer was that he had executed the writ upon Henry Kinote, but that Isaac N. Griffin was not found. The record of the same term states, that defendants came by attorney, and filed their demurrer to this petition, and also their plea, which demurrer and plea are set forth in so many words in the record. The demurrer commences "and the said defendants, &c." and., proceeds alternately using the singular and plural without much regard either to legal or grammatical accuracy, and is finally signed by counsel as counsel for defendant and without specifyng the name of the defendant. I notice these inaccuracies, because the question arising in this court has made it material. The plea of non est factum commences also in the plural and is signed for one defendant only, but does not specify for which defendant. At the second term after the return term of the writ, the demurrer was withdrawn, and the cause was submitted to the Court, as a jury, on the issue of non est factum; and the finding of the Court was that the defendants

OCT. TERM
1839.

Griffin &
Kinote
vs,
J. and C.
Samuel,

A bond, signed by a partner in the name of the firm, may be described, in a petition in debt, as the bond of any one of the patners; our statute permitting the obligee to sue, as many of the obligors as he thinks proper.

The want of service of a writ is cured by appearance and defence.

If the circuit court, setting as a jury, finds a defective verdict, its judgment will not be reserved in the appellate court, unless a motion was made in the court below to arrest the judgment and overruled.

were indebted to the plaintiff the debt in the petition mentioned, and assessed their damages. Judgment went for the plaintiff. The objections urged in this court to the judgment of the Court below, are first; that the bond offered in evidence materially varied from the bond described in the petition, and secondly; that the court erred in giving judgment against one of the defendants, Isaac N. Griffin, who was not served with process. The first objection is that the parties sued were Isaac N. Griffin and Henry Kinote, and the note offered in evidence is signed by J. & I. N. Griffin and Henry Kinote. Our statute allows the obligee to sue as many of the obligors as he thinks proper [Rev. Co. 1835 p. 459.] There can be no doubt then that Isaac N. Griffin and his partner, who together signed their partnership name of S. & J. N. Griffin, had signed their names separately and in full, the plaintiff could have sued either or both at their option. I do not see how the particular mode of signing by the partnership name can affect this privilege. If a different construction be assumed, the operation of the Statute is avoided so far as partnership notes are concerned. The second objection taken to the judgment of the Circuit Court is that it went against Griffin & Kinote, when it appeared by the return of the sheriff that Kinote only was served. The appearance of the defendants, both by demurrer and plea, is, upon the face of the record, general, though sometimes the word "defendant," and at others the word "defendants," is used; for if a party wishes to appear and plead in such a way as not to commit his fellow defendant his name must be given. We hold that the appearance in this case cured the want of service.

The verdict in this case, found by the Court setting as a jury, was not responsive to the issue. This might have been taken advantage of by motion in arrest, but there having been no such motion, this Court will not interfere with the judgment of the Circuit Court. Davidson vs Peck, 4 Mo. Rep. p. 438. Judgment affirmed.