STEVENS, GARNISHEE, &c. vs. GWATHMEY, ET AL.

1. The answer of a garnishee may be disproved by evidence of his declarations made prior to the making his answer.

2. Where the answer of a garnishee denies his indebtedness to the defendant, if the answer be found untrue, the garnishee is liable for interest upon his indebtedness. But where a garnishee admits his indebtedness, and avows his readiness to pay whenever it shall be determined by the court to whom he is liable, he is not bound to pay interest.

ERROR to St. Louis Circuit Court.

DRAKE, for Plaintiff in error.

POINTS AND AUTHORITIES.

1. The answer of the garnishee is evidence in his favor, and is to be taken to be true until disproved. Davis vs. Knapp & Shea, 8 Mo. Rep. 657.

2. Like an answer in chancery, that of a garnishee must be disproved by the testimony of two witnesses, or one witness and circum-

stances equivalent to the testimony of another. 2 Story's Eq., 734-44. The witnesses in such case should testify to facts within their own knowledge tending to disprove the answer, apart from the garnishee's statements.

3. Statements made by the garnishee in conversation, variant from his answer, though proven by any number of witnesses, amount to nothing more at last than opposing him to himself; with the advantage in his favor that his answer is under oath.

4. The evidence of the garnishee's conversations should be received with *great caution*. Greenleaf's Ev. 233.

5. The conversations were held nearly a year before the making of the answer, at a distance from the garnishee's residence, and without his books and papers to refer to. Under such circumstances he may well have been mistaken, and have supposed himself indebted to the defendant; and yet, when the necessity of stating the facts *on oath* arose, and he investigated the matter fully, with the aid of his books and papers, he may find that his conversations were utterly wrong.

6. The admission of such evidence to disprove the garnishee's oath, operates a complete and most injurious surprise upon him. He is required to state in his answer *facts*, not whether he had said particular things; and when confronted with evidence of his conversations, to disprove the facts stated, he must of necessity be taken by surprise; and he is debarred the opportunity, which he might otherwise be enabled to embrace successfully of shewing by other testimony that the conversation was essentially different from that represented by the plaintiff's witnesses, or of impeaching their credibility.

7. The garnishee stands in the position of a witness as well as a party, and is entitled to the benefit of that rule of law, that before a witness can be contradicted by evidence of statements made by him contrary to his evidence, he shall be questioned as to the statements alledged to have been made by him, and time, place, and circumstances specified, so that he may recollect and explain what he had formerly said. Greenleaf Ev. 514-15-16; Able & Isbell vs. Shields, 7 Mo. R. 120,

8. The law will not presume in any case that a man has sworn falsely; but where he is shown to have made statements in conversation different from those made under oath, it presumes that if permitted he could satisfactorily explain the conversation. In this case opportunity for explanation was utterly denied to the garnishee.

9. The cases of Greer vs. Mullikin, 5 Mo. R. 493, and of Martin vs. Barr, 5 Mo. R. 102, are held to be in point here. In those cases the

effort was made to give evidence against parties, of statements made by them under oath as witnesses, and this court decided that it could not be done.

10. The conversations of the garnishee indicated manifest ignorance of his rights, in the supposition, that because ˌthe defendant had advanced money on account of the partnership, he was, *therefore*, indebted to the defendant; a supposition not sustained by any legal principle.

11. A conviction of perjury cannot be had upon evidence merely of the conversations of the witness, different from his oath; because the evidence falls short of proving the oath false. If insufficient in that case, the same kind of evidence should be insufficient in this. Roscoe's Crim. Ev. 687.

12. To the benefit of all these objections the garnishee is peculiarly entitled, because he is not interested in the result of the case; it being immaterial to him, whether he pays the amount of his indebtedness to the defendant, or to the plaintiff in attachment.

13. But if all other points in the case are decided against the garnishee, it is still unquestionably true, because stated in the answer and not denied, but, on the contrary, sustained by the plaintiff's evidence, that whatever intebtedness may have existed, was on an unsettled partnership account. For any such claim the defendant could have no action against the garnishee, and unless the defendant had a cause of action against the garnishee, the latter could not be held. Story on Part. 322; Collyer on Part. 143; Gow. on Part. 87; Main F. & M. Ins. Co. vs. Weeks, 7 Mass. 438.

14. A. garnishee cannot be charged with interest on an indebtedness to the defendant, which may be found against him. Willings vs. Consequa, 1 Peters' C. C. R. 301; Norris vs. Hall, 18 Maine R. 332.

McBRIDE, J., delivered the opinion of the court.

Gwathmey, Forbes and company, brought their action against F. C. Steinback, in the St. Louis circuit court, and garnisheed Robert Stevens as the debtor of said Steinback. On the 6th May, 1844 Stevens filed his answer to the interrogatories propounded to him, denying his indebtedness except for a small amount, and on the 10th of the same month the plaintiff's filed their traverse to the answer. On the 14th March, 1845, neither party requiring a jury, the cause was submitted to the court, when the court found the answer to be untrue, and assessed the damages of the plaintiffs to the sum of $1,523 45, and

entered judgment against Stevens for the same. A motion was made to set aside the verdict for the following reasons:

1. Because the verdict is against law.

2. Because the verdict is against evidence.

3. Because the verdict cannot, by the law of the land, be rendered against a man for an unsettled and unliquidated balance of a partnership account, which the indebtedness of the garnishee herein, if any existed, was shown to be.

4. Because the verdict is against the weight of evidence.

5. Because the court erred in refusing to decide the four first points of law, in favor of the garnishee, which were prayed by him.

The motion being overruled the defendant excepted, and has brought the cause to this court by writ of error.

The bill of exceptions shows that on the trial the defendant prayed the court to decide the following points of law for him.

1. That the answer of garnishee must be taken to be true until disproved, and it cannot be disproved by evidence of the garnishee's admissions, made in conversation before the making of the answer, unless such admissions be connected with proof *aliunde*, of indebtedness to the defendant.

2. That the oath of the garnishee cannot be proven to be false, by evidence of admissions made by him in conversation before the answer was sworn to.

3. Where a party's conversations are given in evidence to disprove his oath, without other evidence to corroborate the truth of the conversations, the jury must presume the oath to be true.

4. That no interest can be allowed against the garnishee on any sum in which he may be found indebted to the defendant.

5. If the jury believe from the evidence that the alleged indebtedness of the garnishee to the defendant, was on account of a partnership existing between the garnishee and defendant, the affairs of which are yet unsettled, and that such indebtedness has not been ascertained upon a settlement of the affairs of the co-partnership, and liquidated between the partners, the plaintiff cannot recover against the garnishee.

The court decided the fifth point for the garnishee, but refused so to decide the first four, to which refusal the garnishee excepted.

We have not thought it necessary to set out the answer of Stevens, and the exhibits filed therewith, nor the evidence introduced by the plaintiffs on the trial, as there was an admitted conflict between the testimony and the answer; this court having so frequently held, that where this is the case, the finding of the jury will not be interrupted.

The questions presented for the decision of this court, arise on the refusal of the circuit court to decide for the garnishee the first four points of law asked for by him.

Are the admissions of indebtedness made by the garnishee, prior to the making of his answer, admissible in evidence, unconnected with proof *aliunde* of indebtedness to the defendant in the action? As a negative to this question, we are referred to the case of Davis vs. Knapp & Shea, 8 Mo. R. 657, which was a similar proceeding to the one now under consideration. Davis had been garnisheed for a debt due from Fleming to Knapp & Shea, upon the supposition that he was indebted to Fleming; Davis answered denying his indebtedness except for seventy-five cents; the plaintiff traversed his answer, and on the trial offered evidence to prove that Davis had admitted his indebtedness to Fleming. The judge in delivering the opinion, remarks: "But the answer of the defendant, plain common sense would say, is to be presumed true, until the plaintiff proves it to be untrue, that is to say, until they proved that Davis owes Fleming more than seventy-five cents." And afterwards in the same opinion, the judge says: "In the first place the answer of Davis is to be taken as true, until the contrary is proved; and although the first witness of the plaintiff, by his evidence, rather impeached the truth of the answer, yet if the fourth instruction had been given, the jury might have given more credit to the answer than to the testimony of this witness. The testimony of the second witness of the plaintiff is in no way inconsistent with the answer of Davis. He states that Davis said he paid Fleming every Saturday, &c."

Whilst the case above cited states the law to be, that the answer of the garnishee must be taken to be true until disproved, it at the same time shows that in that case at least the court thought it competent to disprove the answer, by proving that the garnishee had admitted himself indebted to Fleming, the defendant. We have not been referred to any other adjudged case on this point, and we presume none can be found which qualifies the general doctrine to the extent contended for by the counsel for the garnishee.

The general rule is that the declarations of a party to the record, or of one identified in interest with him, are as against such party, admissible i evidence; and we see no sufficient reason why the admissions of a garnishee should be exempted from its operation, whether made before or after he swore to his answer. If his admissions are received as evidence against him, because of the probability of their truth, it would seem that those made before his answer was sworn to should be

preferred, as least subject to the imputation of having been made to deceive, or for the purpose of sustaining the statements made in the answer. Experience teaches that men are not prone to make admissions against their own interest; fanatics and madmen may, whilst rational men do so very rarely. It does not unfrequently happen that actions at law are based upon the admissions of parties, that they are indebted to a third person; shall it be said that such admissions are to to receive no credence, and that after a suit has been superinduced thereby, the party making them shall not be held liable therefor?

The principle of law is the same in criminal cases, and it is the every day practice to convict individuals for the most heinous offences upon their own confessions, whether made before or after their arrest. But it is contended that the answer is made under the solemnity of an oath, and is therefore to be taken as true in preference to the admissions of the party not under oath. How far this is so, would form a legitimate enquiry for the consideration of the jury.

We have been referred to two cases in the 5 Mo. R. 103, 493, as having some bearing on the subject of admissions. These cases only go the extent of deciding that it is not competent to prove what a party stated under oath; for the reason perhaps that he may be called again as a witness in the cause, and is most competent to detail his own evidence; or his evidence may have been given under a misapprehension of his rights, or the facts as since ascertained. No such proof was offered in this case.

It is certainly true that a party cannot impeach the testimony of his own witness, even when the witness is a party to the suit, as in proceedings before a justice of the peace, where the plaintiff may call upon the defendant to testify as to the correctness of his demand; or where a party by a bill of discovery calls upon his adversary to disclose certain facts. The statute under which this proceeding was had, does not regard the garnishee as a witness for the plaintiff, but expressly provides that "the plaintiff may deny the answer of the garnishee, in whole or in part, and the issues shall be tried as ordinary issues between plaintiff's and defendants." The answer may more properly be assimilated to an answer in chancery, and when read it becomes evidence for the defendant, and is conclusive if not disapproved by the plaintiff. How disproved? Either by evidence *aliunde*, or by the admissions of the defendant himself.

Whether the indebtedness of the garnishee Stevens, to the defendant Steinback, was on an unsettled partnership account between them, was referred by the fifth instruction to the jury; and if so found by the

Stevens, Garnishee, &c. vs Gwathmey, et al.

jury, they were told that the plaintiffs could not recover. This being a question of fact it was properly referred to the jury, and they have found it against the garnishee.

The remaining question is the right of the plaintiffs to recover interest from the garnishee.

The act regulating interest on money, R. C. 333, provides that creditors shall be allowed to receive interest at the rate of six per cent. per annum, when no other rate of interest is agreed upon, for all monies after they become due by any instrument of the debtor, in writing, &c., on money due, and withheld by an unreasonable and vexatious delay of payment, or settlement of accounts, &c.

In Virginia it has been decided that the defendant, where a debt is attached in his hands, and the attachment is afterwards discharged, cannot protect himself from the payment of interest while the order remains in force, if he retain the money in his hands. 1 Wash. 145. He ought, (in order to have absolved himself from interest,) to have brought the money into court to abide its order—and the court would have directed it to be put out at interest *pendente lite*, so as to avoid loss to the parties. 4 H. & M. 265.

In the case of Norris vs. Hall, 18 Maine R. 336, the court say, "Another objection interposed, relates to the amount of interest with which the defendant was charged. When he was summoned as trustee, he was legally chargeable with an accruing interest. The conclusion must be, that if he had the money then unemployed, he would then have satisfied those undisputed demands. And the fact that he did not pay it over when it was demanded, after he had been adjudged trustee, shews that he could not have procured it, and held it unemployed, to await the decision of the law. The facts sufficiently rebut such a presumption, and prove the defendant to have been in fault whenever a call for payment was made upon him; and he was properly charged with interest on the amount due."

If it be endeavored to raise a presumption in this case, that Stevens has had the money lying idle by him, to pay his indebtedness to Steinback, that presumption is fully rebutted by the fact that he denied the existence of such indebtedness. If Steinback had sued, no doubt can exist of his right to recover interest, under the facts found by the court; there is then no reason why Stevens should not pay interest to the plaintiffs. In adjudging him liable to the plaintiffs for interest, no particular hardship is imposed upon him, which he would not have been subjected to, at the suit of Steinback. Although the plaintiffs recover

interest of Stevens, it inures to the benefit of Steinback, and thus in effect it becomes a recovery in favor of Steinback vs. Stevens.

There are cases in which the garnishee ought not, in strict justice, to be held liable for interest; as where he comes forward, admits his indebtedness, and avows a readiness to pay the amount thereof, whenever the court shall determine who is entitled to receive it.

From the foregoing view of the case, we think the court committed no error; and the other judges concurring herein, the judgment of the circuit court is affirmed.