ABNER BIGELOW, Respondent, *v.* THE NORTH MISSOURI RAILROAD COMPANY, Appellant.

1. *Railroad companies — Damages, action for against — Negligence, when implied.*—In an action based upon the statute making railroad companies liable for all injury done to stock when their roads were not properly inclosed with lawful fences (Wagn. Stat. 520, § 5), there is no necessity for alleging or proving negligence. The law in such cases implies negligence.
2. *Practice, civil — General verdict on different counts improper — Objection to, taken when.*—It is error to render a general verdict where the petition includes several distinct causes of action; but if a party wishes to avail himself of the error, he must, by an appropriate motion, bring the matter before the court trying the cause.

*Appeal from Montgomery Circuit Court.*

*Orrick & Emmons*, with *Dwyer & Musick*, for appellant.

I. The general verdict on both counts was error. (Mooney v. Kennett, 19 Mo. 551 ; Clark's Adm'r v. Hann. & St. Jo. R.R. Co., 36 Mo. 215.)

II. This error was properly passed upon in overruling the motion for a new trial. A motion in arrest refers only to the pleadings, which, as understood in law, are the statement in a logical and legal form of the facts which constitute the plaintiff's cause of action or the defendant's ground of defense, until the issues for trial are framed. (Warner v. Morin, 13 Mo. 455.)

*Rosenburger*, and *Diggs & Buckner*, for respondent.

I. In the case at bar, the law implies negligence from the killing. (Wagn. Stat. 520, § 5, and authorities referred to.)

II. The error of the jury in giving a general verdict on both counts will not avail defendant, no motion in arrest having been made. The reasons for a new trial refer exclusively to the action of the court on the trial, in excluding testimony and giving and refusing instructions. (Long v. Towle, 41 Mo. 398 ; Banks v. Lades, 39 Mo. 406.)

WAGNER, Judge, delivered the opinion of the court.

The action was against the defendant for killing the plaintiff's stock, at a place where the road-bed was not sufficiently inclosed by a lawful fence, and where there was no crossing of a public highway. The petition contained two counts. The first charged the defendant with killing three hogs of the value of forty-five dollars, for which sum judgment was asked. The second count alleged the killing of five mules, one horse and one colt, of the value of one thousand and forty-five dollars, for which judgment was also prayed. The answer was a denial of all the averments set forth in the petition. Trial before a jury, and verdict for plaintiff for one thousand and sixty dollars and sixty cents. Upon the trial the defendant introduced no evidence, and it is not seriously contended that the court committed any error in the matter of giving or refusing instructions or in the admission or rejection of testimony. At all events we have not been able to discover any cause for complaint. The testimony amply sustains the verdict, and the cause was submitted fairly. As the action was based on the section of the statute making the company liable for all injury done to stock where the road was not properly

inclosed with a lawful fence, there was no necessity for alleging or proving negligence. The law in such case raises the inference and implies negligence. (Wagn. Stat. 520, § 5, and cases cited in note 2.)

The main ground urged for a reversal is that the jury rendered a general verdict when they should have assessed the damages on each count separately. The whole course of our decisions establishes the practice that it is error to render a general verdict where the petition includes several distinct causes of action. (Mooney v. Kennett, 19 Mo. 551 ; Clark's Adm'x v. Hann. & St. Jo. R.R., 36 Mo. 215 ; Pitts v. Fugate, 41 Mo. 405 ; State *ex rel.* Collins v. Dulle *et al.*, 45 Mo. 269.) But it is also equally well established that if a party wishes to avail himself of the error, he must raise the objection and bring the matter to the attention of the court trying the cause, by an appropriate motion. (State, etc., v. Dulle *et al.*, *supra ;* Clark's Adm'x v. Hann. & St. Jo. R.R. Co., *supra.*) Such a course was not pursued in this case. No objection to the form of the verdict or the finding of the jury was included in the motion. The point is now raised in this court for the first time. This practice is not permissible.

Judgment affirmed. The other judges concur.