HENRY ERDBRUEGGER, Respondent, *v.* ANTON MEIER, Appellant.

### November 6, 1883.

PRACTICE — MOTION IN ARREST. — A general finding for the plaintiff without any special finding upon the defendant's counter-claim is an imperfect finding, of which advantage can be taken only by a motion in arrest of judgment.

APPEAL from the St. Louis County Circuit Court, EDWARDS, J.

*Affirmed.*

FREDERICK GOTTSCHALK for the appellant: There must be a separate finding upon each issue. — *Clark* v. *Railroad*, 36 Mo. 215; *The State ex rel.* v. *Dulle*, 45 Mo. 270; *Brownell* v. *Railroad*, 47 Mo. 243.

COLLIER & MUENCH, for the respondent: "Where the finding is a general one, it will raise a presumption that all the issues have been duly considered by the jury (*Stout* v. *Calver*, 6 Mo. 256); and where the finding is merely defective or imperfect, the judgment will not be reversed, unless a motion has been made in the inferior court to arrest the judgment, and overruled." — *Finney* v. *The State, etc.*, 9 Mo. 636; *Mooney* v. *Kennett*, 19 Mo. 551; *Davidson* v. *Peck*, 4 Mo. 446; *Pitts* v. *Turgate*, 41 Mo. 406; *St. Louis* v. *Allen*, 53 Mo. 49.

BAKEWELL, J., delivered the opinion of the court.

This was an action for a balance of $130, due for extra work in building a dwelling house for defendant.

The answer has three counts. The first is a general denial. The second sets out that the building was to be erected according to certain plans and specifications, and specifies sundry particulars in which the building, as erected, varies from the contract; by reason of all which

it is alleged that the house as erected is worth $500 less than the house required by the plans and specifications. The third count sets up a counter-claim for work done by defendant for plaintiff worth $42, for which defendant asks judgment. The replication denies the new matter in the answer, says that all the changes were made under the contract by consent of both parties, and denies that the building was lessened in value by all of them, and alleges that defendant accepted the building as complying with the contract, and expressly waived any claim for departure from the specifications. As to the second counter-claim, there is a denial of all allegations in respect to it. A jury was waived, and the court found for plaintiff the sum of $106.50.

The only ground upon which we are asked to reverse the judgment is, that there was not a separate finding on each issue, and on each of the last two counts of the answer.

In support of this view, we are referred to some cases (36 Mo. 215; 45 Mo. 270, and 47 Mo. 243), in which it is held that, where a petition sets out two or more causes of action or subjects of complaint there should be a separate assessment on each count, and a verdict for a gross sum can not be sustained, and furnishes sufficient matter for arrest of judgment on motion.

If there is anything in the objection in the present case, the matter is not properly saved for review.

There is no question as to the merits : and it might fairly be considered in the present case that the general finding for plaintiff should be regarded as an express negative to every plea. The ancient practice is relaxed ; and, at a time, and in states where attention to form was more rigidly enforced than it is at present with us, a similar finding has been sustained ; and it has been called an " affectation of precision " by Chief Justice Gibson, to arrest the judgment on grounds so purely technical. *Strohecker* v. *Drinkle,* 16 S. & R. 39. But, be that as it may, the

question could only be raised by motion in arrest. Where the verdict finds only part of the matter in issue, omitting to find either way another material part, that is ground for arresting the judgment. Steph. Plead., note 7. It is an imperfect finding; and that can be taken advantage of only by motion in arrest. *Finney* v. *The State*, 9 Mo. 642.

It may be said that " mistake of the jury " is one of the statutory grounds for new trial. Rev. Stats., sect. 3704. But the finding of an imperfect verdict, or a neglect to find a verdict on all the issues, is not a mistake of the jury within the meaning of this section.

It has always been held, so far as we know, that a motion in arrest is the proper mode of reaching an imperfect verdict. This being so, it is well settled that the appellate courts will not review errors to which the attention of the trial court was not properly called.

The judgment is affirmed. Judge Lewis concurs. Judge Thompson dissents.

Dissenting opinion of Thompson, J.

This is an action for a balance due on a building contract. The answer contains three counts: 1. A general denial. 2. A count in the nature of a plea in recoupment. 3. A counter-claim setting up that the defendant is indebted to the plaintiff in the sum of $42, on an independent contract, for which the defendant asks judgment by way of set-off. The plaintiff filed a reply putting this new matter in issue. The case was tried by the court without a jury. The bill of exceptions recites that there was evidence tending to prove the averments of the petition and reply, and also evidence tending to prove the averments of the answer. All of the declarations of law asked for by both parties were given except one, and that is not in the record. The entry of the final judgment recites: " The court finds the issues herein joined in favor of the said plaintiff, and doth

assess the damages sustained by the said plaintiff by reason
of the premises at the sum of $106.50. It is, therefore,
considered," etc. The defendant filed no motion in arrest
of judgment, but he filed a motion for a new trial, in which
one of the grounds taken was that the finding was " not
responsive to all the issues."

It appears from the foregoing statement that the court
made no distinct finding upon this counter-claim for $42,
arising upon an independent contract. This, I think, was
error. The defendant had pleaded it; it was a distinct and
independent cause of action upon which he was entitled to
invoke the judgment of the court; and he was entitled to
have the amount found due in respect of it, if anything, set
off against any amount which might be found due from
him to the plaintiff, upon the plaintiff's cause of action
against him.

It has long been the rule in this state that a general ver-
dict in favor of the plaintiff upon a petition which sets up
in separate counts several distinct causes of action, is erro-
neous. *Mooney* v. *Kennett*, 19 Mo. 551; *Clark* v. *Railroad
Co.*, 36 Mo. 202, 215; *Pitts* v. *Fugate*, 41 Mo. 405; *The
State ex rel.* v. *Dulle*, 45 Mo. 269; *Bigelow* v. *North Mo.
R. Co.*, 48 Mo. 510; *St. Louis* v. *Allen*, 53 Mo. 44;
*Owens* v. *Hannibal, etc., R. Co.*, 58 Mo. 386, 394; *Seibert*
v. *Allen*, 61 Mo. 482, 488. For stronger reasons, where an
independent cause of action, arising upon a contract entirely
disconnected from the plaintiff's cause of action, is set up
by way of counter-claim, the defendant is entitled to a dis-
tinct verdict thereon.

But the question remains, was this error properly brought
to the attention of the trial court by a motion for a new
trial? Beyond question, the general practice has been to
raise the question that the verdict of the jury, or the find-
ing of the court sitting as a jury, is not responsive to the
issues, by a motion in arrest of judgment. *Davidson* v.
*Peck*, 4 Mo. 438; *Griffin* v. *Samuel*, 6 Mo. 51; *Finney*

v. *The State*, 9 Mo. 632, 636.; *Clark* v. *Hannibal, etc., R. Co.*, 36 Mo. 202, 215 ; *Pitts* v. *Fugate*, 41 Mo. 405 ; *The State ex rel.* v. *Dulle*, 45 Mo. 269, 271 ; *St. Louis* v. *Allen*, 53 Mo. 44 ; *Owens* v. *Hannibal, etc., R. Co.*, 58 Mo. 386, 394 ; *Seibert* v. *Allen*, 61 Mo. 482. It is equally true that before our present practice act it was several times held that judgments would not be reversed for this cause in the supreme court unless motions had been made to arrest the judgment for such cause in the court below, and overruled. *Davidson* v. *Peck*, 4 Mo. 438 ; *Griffin* v. *Samuel*, 6 Mo. 51 ; *Finney* v. *The State*, 9 Mo. 632, 636. It does not appear that in any of these cases an attempt was made to raise the question by a motion for a new trial merely, and hence, it does not appear that the judgment of the court was distinctly invoked upon the question whether it could be raised by such a motion. But it will be perceived that the reason given for requiring it to be raised by a motion in arrest of judgment, was precisely the same as the reason which has been given by the supreme court and by this court for requiring the party complaining of errors which were committed at the trial, to make his complaint to the trial court by a motion for a new trial. Thus, in one of the cases above cited, it was said by Scott, J., as a reason for requiring the defect under consideration to be taken advantage of by a motion in arrest of judgment, that "inasmuch as the attention of the circuit court was not directed to the defect where it could have been readily corrected, no advantage could be taken of it here." *Finney* v. *The State, supra*. Following down through the cases which have arisen under our present practice act, I can find none where an opinion is distinctly indicated that such a defect *must* be taken advantage of by a motion in arrest, and that it *can not* be taken advantage of by a motion for a new trial. Two or three cases are found which indicate the contrary. Thus, it was said in one case, by Birch, J. : " Our jurisdiction being appellate purely, we are, of course, unau-

thorized to consider anything as a ground for reviewing a proceeding or a judgment here which was not brought to the notice, and hence not finally passed upon in the court below, either *in the motion for a new trial, if the alleged errors have relation to proceedings during the trial,* or in arrest of judgment if going to," the pleadings. *Warner* v. *Morin,* 13 Mo. 455. In a later case the supreme court was asked to reverse a judgment because there had been a general verdict upon a petition which stated in several counts as many distinct causes of action. There had been a motion for a new trial, but no motion in arrest of judgment. The motion for a new trial did not set up the defect of the verdict. The supreme court held, on the authority of a numerous line of decisions, that the verdict was erroneous; but at the same time it held that the error afforded no ground for reversing the judgment, not because it had not been brought to the attention of the court below by a motion in arrest of judgment, but because it had not been set up in the motion for a new trial. Wagner, J., used the following language: " It is equally well established that, if a party wishes to avail himself of the error, he must raise the objection and bring the matter to the attention of the court trying the cause *by an appropriate motion.* Such a course was not pursued in this case. No objection to the form of the verdict or the finding of the jury was included in the motion. The point is now raised in this court for the first time. This practice is not permissible." *Bigelow* v. *North Mo. R. Co.,* 48 Mo. 510, 512. It thus appears that the supreme court refused to consider the matter because it had not been "included in the motion " for new trial, because that was the only motion that had been filed, and it was the only motion which the court could have intended to indicate by using the definite article. It would seem clear, then, that the court meant to convey an opinion that the motion for a new trial, if it had contained this objection, would have been " an appropriate motion." In a still later case the same objection was made to a judgment, that it was based

on a general verdict in favor of the plaintiff upon a petition setting up in several counts several distinct causes of action. The supreme court refused to consider it, because the motion *for a new trial* did not call the attention of the court to the objection. Vories, J., said: " The motion for a new trial in this case did not call the attention of the court to this objection. The only thing that approached such objection was that ' the finding or verdict is not specific or proper.' This is not sufficient. If the objection has been made to the trial court, that there was no separate finding on the several counts in the petition, the court, having tried the cause without a jury, would doubtless have corrected its finding, and the defendant would have had no cause to appeal to this court to have the finding corrected or the judgment reversed." *Fickle* v. *St. Louis, Kansas City & Northern R. Co.*, 54 Mo. 219.

It is thus perceived that the reason which led the early court to say that this defect must be raised in the court below by a motion in arrest of judgment was precisely the same as that which led the later court to say that it must be raised by a motion for a new trial, or by " an appropriate motion." The reason in either case was that the court below ought to have an opportunity of correcting its own errors before the prevailing party should be put to the delay and expense of being dragged before an appellate court ;— and, indeed, it will be found that, where the court have reiterated this rule, they have generally coupled these two motions together, and have said that, except those errors which appear on the face of the record proper, before the supreme court will notice any errors committed by the trial court, they must be brought to the attention of the court by motion for a new trial or in arrest of judgment. *Banks* v. *Lades*, 39 Mo. 407 ; *Warner* v. *Morin*, 13 Mo. 455 ; *Powell* v. *Bevin*, 11 Mo. App. 216, 220, 221, and cases there cited. Now, is there any reason growing out of the nature of the motion in arrest of judgment or the motion for a new trial, why the error here complained of

could not have been brought to the attention of the court below by either motion? I can see no such reason. The most usual office of the motion in arrest of judgment is to object to the entering of judgment upon the verdict because of some uncured defect in the petition. *Gilstrap* v. *Felts*, 50 Mo. 428, 432. In its most usual office it is designed to test the sufficiency of the petition. *Pickering* v. *Mississippi Tel. Co.*, 47 Mo. 457, 460. It brings to the notice of the court a ground of objection to the judgment which has reference to the pleadings. *Warner* v. *Morin*, 13 Mo. 455. In this office of the motion it goes to the root of the plaintiff's case, and where it prevails, it invokes the judgment of the court in favor of the defendant, and the judgment in such cases, is that the defendant go hence.

But where it does not attack the sufficiency of the plaintiff's petition, where it objects to the entry of judgment upon the verdict for some matter not connected with the pleadings, its office is precisely the same as that of a motion for new trial. It simply vacates the judgment and reinstates the cause upon the docket for another trial; and it is error, where the motion is thus used, to render judgment, in sustaining it, that the defendant go hence. *The State* v. *Koerner*, 51 Mo. 174.

Now, the office of the motion in arrest of judgment, where it questions the sufficiency of the verdict, being precisely the same as that of a motion for new trial, and the reason for requiring it to be made in the court below being precisely the same as the reason which requires the motion for new trial to be made, namely, that the attention of the court below may be called to its own errors, I confess myself unable to think of any ground on which it can be said that the objection to this verdict could only be raised by motion in arrest of judgment, unless there is something in the statutory grounds for granting new trials as they exist at the present time which prevents such an use being made of the motion for new trial. Those grounds are found in section 3704 of the Revised Statutes. One of them

is " a mistake by the jury." Now, where several distinct issues are submitted to a jury, each one of which calls for a separate finding, and as to one of them no verdict at all is returned, it is clearly seen that there has been a " mistake by the jury." If an imperfect verdict is not a mistake by the jury, I am unable to understand what mistake the jury could make which could properly be called a mistake. Where a court sits as a jury and makes a mistake in its finding, it will not, I take it, be questioned that such a mistake will be ground for a motion for a new trial if the same mistake committed by a jury would have afforded such ground.

I, therefore, have not the smallest doubt that the error in the finding of the court was properly saved by the defendant's motion for a new trial, so as to be made a ground of error in this court; and I think that because of this error the judgment ought to be reversed. ·

In dissenting from the opinion of the court which has been delivered in this case, I have felt that the question was of such importance that I ought to put my views in writing. I think it a matter of no slight consequence that we are to have a rule of practice opposed, as I understand it, to the very words of the statute relating to new trials, under which one kind of mistake committed by the jury is waived unless it is brought to the attention of the trial court within four days after the rendition of the judgment, by a motion for a new trial, and another kind of mistake committed by the jury is waived unless it is brought to the attention of the trial court within four days after the rendition of the judgment, by a motion in arrest of judgment. These refinements of practice serve as pitfalls into which the most skilful practitioners are liable at times to stumble, wrecking in their fall the rights of their clients. The reason of the rule of practice which required the fact that the verdict was not responsive to the issues to be raised by a motion in arrest of judgment was handed down to us from the English practice, in which there was no distinctive motion for

a new trial. The reason which required such an error to be raised exclusively in this way, has wholly ceased under our practice; and, in my opinion, the rule ought to cease with the reason on which it was founded. The fundamental idea of our practice act is that the trial court shall have an opportunity to review its own errors, before the successful party shall be put to the delay and expense of an appellate proceeding in a higher court. In my view, this office is subserved in respect of every error committed at the trial of the cause, whether by the court or by the jury, when such error is brought to the attention of the court within four days after the rendition of the judgment, by a motion for a new trial. I do not question at all, that the error of the verdict, not being responsive to the issues, can also be brought to the attention of the court by a motion in arrest of judgment.