Johnson v. Bedford.

NELS JOHNSON, Respondent, v. HIGGINS C. BEDFORD, Appellant.

**Kansas City Court of Appeals, June 3, 1901.**

1. **Trial Practice: PUNITIVE DAMAGES: VERDICT: MOTION IN ARREST.** Under section 595, Revised Statutes 1899, the jury in an assault and battery case should in its verdict assess the compensatory and punitive damages separately, but a failure in the verdict to do so can only be reached by motion in arrest calling the attention of the court to such error.

2. **Appellate Practice: MOTION IN ARREST: BILL OF EXCEPTIONS.** Although the record proper shows that a motion in arrest was filed, yet, if it is not preserved by a bill of exceptions the appellate court can take no notice of what it contains.

3. **Assault and Battery: PETITION: DAMAGES: SECOND CAUSE OF ACTION.** The petition set out in the opinion authorizes the recovery of both compensatory and punitive damages and certain allegations relating to punitory damages were not intended and do not state a second cause of action.

Johnson v. Bedford.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

AFFIRMED.

*J. Allen Prewitt* for appellant.

(1) On the record proper it appears that the verdict is contrary to the express provisions of section 595, Revised Statutes 1899, which is material error. Where such errors appear on the face of the record proper as here the court will reverse the judgment though no motion for a new trial and in arrest are filed. McIntire v. McIntire, 80 Mo. 473; Childs v. Railroad, 117 Mo. 427. *A fortiori*—where as here it appears that such motions were filed but the contents thereof not preserved by bill of exceptions. McHoney v. Ins. Co., 44 Mo. App. 426; Booth v. Loy, 83 Mo. App. 601, 606. (2) Omitting from plaintiff's petition his separate statement asking for $5,000 punitive damages, we still have a petition calling for both actual and punitive damages and yet not conforming to section 594, Revised Statutes 1899. Plaintiff charges in his petition (in first count, if we may so designate it) that defendant did unlawfully assault plaintiff and that he did also willfully, unlawfully and violently assault plaintiff, thus merging in the same count or statement, allegations calling for actual damages and other allegations calling for punitive damages. If plaintiff intended in this count or statement to demand actual damages only, it was wholly immaterial to allege that the assault was willful or violent, and it was error to so allege. Goetz v. Ambs, 27 Mo. 28; Green v. Craig, 47 Mo. 90; Hickman v. Railroad, 22 Mo. App. 344; Parsons v. Railroad, 94 Mo. 286. (3) Willfulness and violence are strictly elements of punitive damages. Joice v. Bransom, 73 Mo. 28; Nelson

v. Wallace 48 Mo. App. 193; O'Leary v. Rowan, 31 Mo. 119; Gorham v. Railroad, 113 Mo. 408; 8 Am. and Eng. Ency. of Law (2 Ed.), p. 643.

*Callahan & Dryden* for respondent.

(1)  The verdict and judgment is good on the face of the record proper.   Courtney v. Blackwell, 150 Mo. 277. (2) Had there been any such defect or error in the petition as claimed by appellant (and this we deny), such alleged defect was cured by answer and verdict.   1 McQuillan's Pld. and Prac. (1892), chap. 23, sec. 472, p. 454, and the numerous authorities there cited.   (3)   It is only when exemplary damages are allowed by the jury that the amount thereof must be separately stated in the verdict.   R. S. 1899, sec. 595.   (4) Upon the face of the record proper, no motion in arrest was filed.   It is a part of the bill of exceptions.  Respondent, however, has asked that this court have before it for its inspection, among other papers, the motion in arrest.   R. S. 1899, sec. 817.   This affirmatively shows that the trial court's attention was not therein called to the fact that the verdict was a general verdict, and such error, if it was an error (respondent says it was not), was and is, by a long line of uniform authorities in this State, waived and will not be considered by this court.   Bigelow v. Railroad, 48 Mo. 510; Chapman v. White, 52 Mo. 179; Fickle v. Railroad, 54 Mo. 219; Sweet v. Maupin, 65 Mo. 65; Henry v. Lowe, 73 Mo. 96; Alexander v. Relfe, 74 Mo. 520; Persinger v. Railroad, 82 Mo. 196.   We call especial attention to this last-named case as being directly in point.   State ex rel. Pemiscot Co. v. Scott, 104 Mo. 35; Griggs v. Deal, 30 Mo. App. 158; Ashenbrodel Club v. Finley, 53 Mo. App. 259; Com. Co. v. Railroad, 80 Mo. App. 169; Speer v. Burlingame, 61 Mo. App. 89, and cases cited.

SMITH, P. J.—This is an action to recover damages for an assault. The petition contains but a single count with a separate statement of the amount of punitory damages sought to be recovered by plaintiff. Its allegations were as follows:

"That defendant, without just cause or provocation and with force and arms, did unlawfully assault and beat the plaintiff, and then and there willfully, unlawfully and violently beat, bruised and wounded the plaintiff so that he was then and there made sick, enfeebled, and his life endangered; and that by reason of such beating, bruising and wounding as aforesaid, he was, and will be, for a long time, in great pain and suffered and will suffer so much pain from the beating, bruising and wounding aforesaid, that he was and will be, unable to attend to his ordinary duties and affairs of life, which he otherwise would have done; and that he was put to great trouble and expense in consequence of said beating, bruising and wounding as aforesaid; and that by reason of said beating, bruising and wounding as aforesaid he will necessarily lose, in the future, a great deal of time from his said work and duties; and that by reason of the premises aforesaid he has incurred expense for medical attendance and for medicine in the sum of twenty-five dollars; and that he is damaged in consequence of the premises in the sum of two thousand five hundred dollars, for which he asks judgment.

"Plaintiff further states that said acts complained of hereinbefore were willfully, unlawfully, violently and maliciously done. Wherefore plaintiff prays for punitive or exemplary damages in the sum of five thousand dollars."

There was an answer filed by the defendant, but as no question is raised in respect to it, we need not further notice it. There was a trial to a jury resulting in the verdict: "We the jury find for plaintiff and assess his damages at the sum of one thousand dollars." Judgment was rendered on this

verdict and defendant appealed.

The only record we have before us is the petition, answer, verdict and judgment, which, of course, comprises the record proper in the case. There is no pretense that there was any bill of exceptions in the case, so that we are restricted in our examination of the case to the record proper. The defendant contends that as it is evident from the petition and verdict that the jury must have allowed either compensatory or punitory damages, or both, that the judgment can not therefore stand, and as supporting this contention he relies on the provisions of section 595, Revised Statutes 1899. We have no doubt but that it was required of the jury, under this section of the statute, to state separately in the verdict the kind and quantum of damages found by it. The defendant had a right, thus given him by the statute, to have the amount of the punitory damages, if any were found, separately stated in the verdict, and unless it did so state, it was to that extent defective. But conceding, as we must, that there was such a defect, we think it could be taken advantage of after judgment only *by motion in arrest.* It has been a settled rule of practice in this State for at least a half century that in cases where the petition contains several causes of action stated in as many counts and the verdict is for the plaintiff, that it is required that there shall be a separate verdict on each cause of action. Mooney v. Kennett, 19 Mo. 551; Clark v. Railway, 36 Mo. 215; Pitts v. Fugate, 41 Mo. 405; State ex rel. v. Dulle, 45 Mo. 269; Bigelow v. Railway, 48 Mo. 510; Owens v. Railway, 58 Mo. 394; Seibert v. Allen, 61 Mo. 482. And a verdict returned in disregard of the foregoing rule would be defective. But such defect can be taken advantage of only by motion in arrest of the judgment. Wells v. Adams, 88 Mo. App. 215; Commission Co. v. Railway, 80 Mo. App. 164; Speer v. Burlingame, 61 Mo. App. loc. cit. 89, and cases there cited; Erd-

bruegger v. Meier, 14 Mo. App. 258; Finney v. State, 9 Mo. 633; Comings v. Railway, 48 Mo. loc. cit. 512; Persinger v. Railway, 82 Mo. loc. cit. 199.

The object of the statutory rule already referred to was to enable the court to know on which one of the separate statements of the petition the damages were assessed, and how much on each, but this is also the object of the rule of practice, just stated, in requiring separate verdicts on each of the several counts of the petition. Clark v. Railway, 36 Mo. supra. No good reason is therefore seen why the rule that a defective verdict can be taken advantage of only by motion in arrest may not be applicable in a case like the present.

But defendant suggests that while there was no bill of exceptions filed in the case, that the record proper shows that a motion in arrest was in fact filed. But as this motion was not preserved by a bill of exceptions we can not know the grounds thereof. There must not only be a motion in arrest filed, but it must pointedly call the attention of the court to the error complained of, else it will be insufficient. Persinger v. Railway, 82 Mo. supra; Sweet v. Maupin, 65 Mo. 65. So that we can not tell from the bare filing of the motion whether or not the point here relied on for the reversal of the case was called to the attention of the trial court. It follows from this that the case is to be regarded as if no motion in arrest was filed at all.

The allegations of the petition are sufficient to support a finding by the jury of either compensatory or punitory damages, or both. If the assault was willful and violent then the plaintiff was entitled to recover not only compensatory but punitory damages as well. The terms "willful" and "malice," in their legal sense, are of equivalent meaning. Goetz v. Ambs, 27 Mo. 28. The allegation of the petition that the assault was willful in legal effect is not different than if it had

been alleged to have been malicious. The petition, as already stated, in fact contains but one count in which one cause of action is alleged. The allegation that the assault was willfully and violently made would have been sufficient to authorize a recovery for both compensatory and punitory damages before the enactment of section 594, Revised Statutes 1899, and is still sufficient if it states, as we think it does, separately the amount of punitory damages which plaintiff seeks to recover. The words, "plaintiff further states that said acts hereinbefore complained of were willfully, unlawfully, violently and maliciously done," inserted in the petition by the pleader were evidently not intended as stating another cause of action, but rather as a part of his statement required by the last-referred-to section of the statute giving notice that he sought to recover punitory as well as compensatory damages. Such words could have been omitted by the pleader and his petition would still, as to the separate statement of the amount of punitory damages claimed, have sufficiently met the statutory requirement. They are but a redundancy in the pleading in which they appear.

As we are unable to discover anything either in the verdict or the petition that would authorize us to overthrow the judgment, it follows that it must be affirmed. All concur.