AUG. TERM 1836.

Leak
v.
Elliott.

reversed in the appellate court, unless a motion was made in the court below to arrest the judgment and overruled.

———◦✳◦———

## LEAK v. ELLIOTT.

If an action of assumpsit is brought to recover money paid on a contract made in Kentucky, and alleged to be void, it devolves on the pltf. to show that by the laws of Ky. the contract was void. The court will not take judicial notice of the laws of another state.

APPEAL from Ralls circuit court.

*Wright and Watkins for pltf.*

We maintain 1st. The court erred in giving the first instruction asked by the deft. We hold the law to be,

AUG. TERM
1836.

Leak
v.
Elliott.

that a conditional promise or acknowledgment, may take the case ought of the operation of the statute, if the condition be performed or complied with.—See 11 Wheaton 309; 2 vol. C. R. U. S. p. 461.

2nd. We maintain that the 2nd instruction ought not to have been given, because the doctrine laid down in it, applies only to the admissibility of the testimony. The testimony was received and not objected to by the defendant, and its effect afterwards, could not thus be destroyed.

3rd. We maintain that the 1st instruction asked by the plaintiff, was improperly refused.—See 2 Starkie, p. 895; 2 vol. C. R. U. S. 461.

4th. We maintain that the 3rd instruction asked by the pltf. was improperly refused. Because the facts set forth in it, would have at any time, authorised the pltf. to bring an action for money had and rec'd. to recover back the money paid upon the implied assumpsit raised by law, although no promise was given; and because it is absurd to require more to revive an obligation, than was necessary to create it.

The defendant admits the facts from which his legal liability arises, to wit: the reception of the money. And he attempts to discharge the obligation by setting up a parol contract, which is void at law.

5th. We maintain that the court erred in overruling the motion for a new trial. The verdict should have been for the plaintiff, upon the ground before stated; and because the statute of limitations does not run in favor of him who obtains money by fraudulent means, as the defendant did in this case.

*Chambers for defendant.*

The evidence preserved on the record, shows the case to be this: About sixteen years before the bringing of the action, Elliott sold Leak a tract of land in Kentucky, for $200, and put Leak into possession of it, but no instrument of conveyance was ever executed. Leak surrendered his possession to some one having a counter claim, and in 1834, 16 years after the original transaction, applied to Elliott for a settlement of the matter. Upon that application and attempt to arrange the difficulty, Elliott stated that Leak had paid him the $200, and that he then was and ever had been ready to make him a deed for the land: but Leak refused to take the deed, unless Elliott gave additional security for the title. The first question presented for this court is: Does the acknowl-

edgment of Elliott take the case out of the statute of limitations? 1st. I contend, there is no express promise to pay any debt.

2nd. That there is no acknowledgment within the five years of a real subsisting debt, upon which the law would raise a promise to pay—6 U. S. con. Rep. 322 and notes; 2 Starkie, 895, note 1; same 899; 4 vol. Mo. decis. 100; 2 cond. Rep. 460, note.

The defendant Elliott, never at any time acknowledged that he owed the plaintiff that sum of money; nor did he at any time offer to pay it. His acknowledgment is, that he had received the money upon a contract for the sale of lands, and that he was ready to make the deed. Here is no evidence of intention to pay, or acknowledgment of the obligation of the debt; but evidence directly to the reverse: by that he intended to make a deed, and fully comes within the law; which is this: "If the acknowledgment is accompanied by any circumstances or expressions, which repel the idea of a willingness or intention to pay, no implied promise is created, and the debt is not revived."—See Angel on Limitations, 247. The whole conversation with every witness, shows an unwillingness to pay, but a determination to do another and distinct thing.—19, Eng. Com. Rep. 98, in print.

But it is said that he acknowledged the existence of a parol contract for the sale of lands; and a readiness to perform the contract; and that this acknowledgment revived the original contract, and the law raises the presumption of a promise to pay. To this I object.

1st. The testimony preserved on the record does not show in what manner the original contract was evidenced, whether by parol or writing. It only says that no deed was executed to the plaintiff: and that he had no writing to show at the time of making the acknowledgment.

2nd. If the contract was by parol, still it was binding, and could have been enforced in equity. And this cuts off the right of the plaintiff to recover back the purchase money. The plaintiff having been put into possession and paid the purchase money under the contract, could have compelled its execution.—See Roberts on fraud 147-8.

But even admitting that the debt was properly revived, still the admissions of the defendant were properly disregarded by the jury, for they were obtained upon an attempt to compromise, and therefore should have been disregarded, for the defendant was evidently entrapped into them.—See 2 Starkie Ev. 37; Angel on Limitations, 234, 241.                    57

AUG. TERM
1836.

Leak
v.
. Elliott.

Statement of the
case.

The forms and solemnities of passing real estate, must be controlled by the local law, where the property is.— See Story's conflect of Laws, 369–70, 377.

Opinion delivered by W<small>ASH</small> Judge.

This was an action of assumpsit, instituted by Leak v. Elliott, in the Ralls circuit court, to recover back a sum of money paid by the appellant to appellee on a parol contract, entered into between the parties, then resident in the State of Kentucky, for the conveyance by Elliott to Leak, of a tract of land lying in said State of Kentucky. Elliott pleaded non assumpsit and the statute of limitations, and had a verdict and judgment; from which Leak has appealed to this court. The facts are preserved by bill of exception, from which it appears that about sixteen years before the institution of this suit, Elliott sold Leak a tract of land in the State of Kentucky, where they both resided at that time, for the sum of two hundred dollars, which Leak paid to Elliott. That Elliott put Leak into possession of the land, who proceeded to split rails upon the land, and after working thereon for a day, was threatened with a suit, if he did not desist: and thereupon desisted from working further upon said land, and abandoned the possession thereof to some person having a counter claim. No deed of conveyance was ever executed by Elliott to Leak, but it was proven by several witnesses, that Elliott admitted a short time before the institution of this suit, that he had received from Leak two hundred dollars for the land. That Leak had no writing to show for it; that he had never denied it, and was willing at any time to make Leak a deed for the land; either a general warranty deed or such deed as he held &c. Upon this state of facts, the plaintiff in the circuit court moved for the following instructions to the jury: 1st. That if they shall believe from the evidence that the money demanded was originally due; and that from the acknowledgment of the defendant, it now remains unsatisfied, then they must find for the plaintiff.

2nd. That if they believe from the evidence, that the money demanded was given in consideration of a parol contract concerning the sale of land, that the said contract is void in law.

3rd. That if they shall believe from the evidence in the cause, that the defendant acknowledged within five years last past, before the institution of this suit, that he had received two hundred dollars from the plaintiff, in con-

sideration of a parol contract for land, made between the plaintiff and defendant, and professed his readiness to. complete said contract, that the said acknowledgment takes the case out of the operation of the statute, and that they must find for the plaintiff. The court refused to give the first and third instructions, prayed for by the plaintiff; and gave the second instruction; and the plaintiff excepted to the opinion of the court, in refusing the instructions.

The defendant then moved the court to instruct the jury, that unless they believe from the evidence that the defendant has promised the plaintiff to pay him the money in question, or made some acknowledgment amounting to a promise to pay it within ten years next before the commencement of this action, they must find for the defendant. 2nd. That unless they believe from the evidence in the case, that the defendant made an unqualified and unconditional acknowledgment, within ten years next before the commencement of this action, that he was originally bound to pay the money in question to said plaintiff, or that he so promised to pay it, they must find for the defendant.

3rd. That if they believe from the evidence, that the acknowledgment of the defendant was made with a view to a compromise, and to bury the hatchet or make peace, it is not binding on the defendant, except for the purpose made by the defendant. Which instructions prayed for by the defendant, were given by the court: to the giving of which, the plaintiff excepted.

The plaintiff then moved for a new trial, because the verdict was against law and evidence; and because the court refused to give proper, and gave improper instructions to the jury. Which motion was overruled by the circuit court, and excepted to by the plaintiff's counsel.

It is now assigned for error, that the circuit court misdirected the jury, and refused to grant a new trial.

It is not shewn how the laws of Kentucky would regard this contract, or whether a parol contract for the sale of land, would or would not be valid. We take it, that the instructions were predicated on the belief that the laws of Kentucky on this subject, are like the laws of Missouri: and we may know, apart from the record, that they are so: yet, we cannot undertake judicially, to know the laws of Kentucky. The remedy upon the contract, must be enforced according to the laws of Missouri. And the second instruction given for the defendant, was clearly wrong. A promise to pay upon condi-

<div style="margin-right-column">
AUG. TERM
1836.

Leak
v.
Elliott.

Opinion of the court.

If an action of assumpsit is brought to recover money paid on a contract made in Kentucky, and alleged to be void, it devolves on the pltf. to show that by the laws of Ky. the
</div>

tion, may as well take the case out of the statute, as any absolute provided. In such case, it would only be necessary to show that the condition had been complied with, or the contingency had arisen, upon which the payment was provided. The judgment of the circuit court, must therefore be reversed, and the cause remanded for a new trial. In order to entitle the plaintiff to recover, it will be necessary to show, that by the laws of Kentucky, the contract between himself and Elliott for the sale and purchase of the land, was null and void at the time it was entered into. We have not thought it essential at present, to dispose of the other points that have arisen in this cause.