EZRA MILLER, Respondent, *vs.* SUE E. P. HARDIN, *et al.*, Appellants.

1. *Ejectment—Proof required where parties look to common source of title.*—In ejectment, where plaintiff and defendant claim from a common source of title, it is sufficient for plaintiff, in the first instance, to deduce his title therefrom, without going further. To that extent, the rule, that he must recover on the strength of his own title, is departed from.

2. *Practice, Supreme Court—Assessment of damages—Verdict—Judgment—Remittitur.*—Where judgment is rendered for damages not assessed in the verdict, the assessment will not require a reversal if the amount thereof is remitted by respondent, but *semble,* that in case of affirmance, respondent should pay the costs of the appeal.

*Appeal from Jasper County Court of Common Pleas.*

*Walser & Cunningham, with H. B. Johnson,* for Appellants.

*David Wagner, with W. H. Phelps,* for Respondent, cited : Bucher vs. Rogers, 60 Mo. 138 ; Fellows vs. Wise, 49 Mo. 350 ; Brown vs. Brown, 45 Mo. 412 ; 2 Greenl. Ev., § 305.

NORTON, Judge, delivered the opinion of the court.

This was a suit in ejectment, to recover a lot in Carthage, Jasper county. The petition is in usual form, and the answer contains a general denial. On the trial, plaintiff obtained judgment, from which defendant has appealed. The evidence tends to show that one S. N. Hostetter was, on the 7th day of February, 1873, in possession of the lot in controversy, claiming it as his own, and that defendant was in possession of the same on the 16th day of September, 1873.

Plaintiff offered in evidence the following deeds :

A mortgage deed from S. N. Hostetter, dated February 7th, 1873, to Meyers & Mohr, to secure the payment of a note for $620.44. This deed contained a power of sale, and was filed for record in the recorder's office of Jasper county on the day of its execution ;

Also, a deed from said Meyers & Mohr, to one Griswold, dated August, 30th, 1873, and a quit-claim deed of the

35—VOL. LXIV.

latter date to plaintiff, Miller. The defendant objected to the introduction of all the deeds, upon the ground that no title had been shown to be in Hostetter, which objection was overruled. The plaintiff offered evidence tending to prove that in the summer of 1873 he went into the possession of the lot under a contract of purchase from S. N. Hostetter, who had executed the mortgage above referred to. The defendant, who was the only witness on the part of the defense, testified that he contracted with Hostetter for the property in July, who furnished him with an abstract of title, which, upon examination, covered property which he already owned; that he then rescinded the contract, and went into possession on his own title.

All the questions presented in the case arise upon the action of the court in giving the following instruction:

"The court instructs the jury that if they believe from the evidence that S. N. Hostetter was in possession of the premises in controversy, claiming them as his own on the 7th day of February, 1873, and that Hostetter executed to Meyers & Mohr the mortgage offered and read in evidence, and that Meyers & Mohr sold said property under said mortgage, and that S. B. Griswold purchased the same, and that Griswold conveyed the same to plaintiff, Ezra Miller, and that defendant entered into possession of the same under said Hostetter, subsequent to said mortgage, under a contract of purchase or otherwise, they will find for plaintiff."

It is well established that in ejectment, where plaintiff and defendant claim through a common source of title, that it is sufficient for the plaintiff to deduce his title from him who is the common source of title. (Brown vs. Brown, 45 Mo. 412; 2 Greenl. Ev., § 307; Adams Eject. 248; 1 Wend. 418; 7 Cow. 637.) It is sufficient for plaintiff to show prior possession as owner, either in himself or his grantor, and if it shall appear that the defendant holds under the same grantor, it is unnecessary to go further; the title of the common grantor is acknowledged, and so far the rule, that the plaintiff must recover on the strength of his own title, is departed from.

As against some unknown person, the title of both may be worthless, the common grantor not being the true owner, but, as between the parties, we have only to inquire which one acquired the title of the grantor, whatever that might have been. When this is shown by plaintiff he establishes a *prima facie* right, and unless the defendant can trace his title or right to the true owner —if such common grantor is not the true owner—or can show a better title to the interest of such grantor, the plaintiff must prevail. (Fellows vs. Wise, 49 Mo. 350.)

Applying these principles to the case at bar, the action of the trial court, in overruling the objection of defendant to the admission of the deeds offered in evidence, and in giving the instruction complained of, was fully justified.

It is also said that inasmuch as the jury, in their verdict, assessed no damages to plaintiff, and the court in rendering the judgment thereon, entered judgment for $105 damages, it should, for that reason, be reversed. This objection is disposed of by the fact that plaintiff, in this court, has entered a remittitur of the said sum of $105, which obviates the necessity for a reversal of judgment, which is in all respects affirmed, except as to said sum of $105 ; plaintiff and appellee being required to pay all costs of the appeal, which are by this court adjudged against him.

Judges Napton and Henry concur, Judge Hough also concurs in the opinion, but not in the form of the judgment to be entered, Sherwood, C. J., absent.