H. R. PARSONS ET AL., Appellants, v. EDWARD M.
RANDOLPH, Respondent.

Kansas City Court of Appeals, April 5, 1886.

1. ACTION—NOTE FOUNDED ON ILLEGAL CONTRACT—CONCERNING RE-
COVERY UPON—CASE ADJUDGED.—Where it is conceded by both par-
ties that the note sued on was given pursuant to and in furtherance
of the contract pleaded in the answer, and it is conceded by the
plaintiffs that this contract is void, as being in contravention of
public policy and good morals ; and the evidence shows that the
plaintiffs were either immediately interested in the contract at the
time of its execution, or that they became so shortly thereafter, and
were fully apprised of the consideration of the note when they
took the assignment of the interest of one of the parties to the con-
tract, there can be no recovery upon the note.

2. ——— TEST OF ILLEGALITY AS TO RECOVERY—CASE ADJUDGED.—The
plaintiff cannot recover whenever it is necessary for him to prove,
as a part of his cause of action, his own illegal transaction ; but if
he can show a complete cause of action, without being obliged to
prove his own illegal act, although such illegal act may incidentally
appear, and may be important as explanatory of other facts in the
case, he may recover. It is sufficient *if his cause of action is not
essentially founded* upon something which is illegal. Whether the
form of the action is in contract or in tort, the test in such case is,
*whether, when all the facts are disclosed,* the action appears to be
founded in a violation of law, in which the plaintiff has taken a
part. And where the defendant, as in this case, pleads and proves
the contract, it is the same as if the plaintiff had put it in evidence
to show the consideration.

3. PRACTICE — COUNTER-CLAIM — IMPERFECT FINDING.— Where there
does not appear to have been any separate finding as to a counter-
claim, which was pleaded, or an imperfect finding, it was error, but
such errors can only be taken advantage of by appropriate motion
in the lower court. *Sweet v. Maupin,* 65 Mo. 65. All the authori-
ties reviewed.

APPEAL from Moberly Common Pleas Court, HON.
G. H. BURCKHARTT, Judge.

*Affirmed.*
VOL. XXI—23

Statement of case by the court.

Plaintiff sued defendant upon a promissory note, executed by defendant to H. R. Parsons & Company. This firm was composed of Arnold Davidson, H. R. Parsons, and William J. Slaughter. Davidson assigned his interest in the note to Parsons and Slaughter, who are the plaintiffs. The defendant answered, admitting the execution of the note and pleaded that the note was given in pusuance of the following agreement between him and said Davidson:

"Agreement entered into by and between Arnold Davidson, party of the first part, and Edward M. Randolph, party of the second part, both of the town of Edina, county of Knox, state of Missouri, this the third day of March, one thousand, eight hundred and seventy-three (A. D. 1873).

"In consideration of the profits and other interests mentioned in this agreement below, arising to the party of the second part, I, the undersigned, Edward M. Randolph, being duly appointed circuit clerk and recorder of the county of Knox and state of Missouri, by the governor of said state of Missouri, in the place of Russell R. Smith, deceased, give to the party of the first part, his heirs or assigns, the exclusive right during my term of office, and, in consideration of a continuance of said profits and other interests, the continuance of this exclusive right during such term or terms as I might be elected for the same office, to take and make an abstract of title of all real property in said county of Knox, as far as I am legally allowed to give this exclusive right. I promise to use all of my endeavors, legally in my power, to prevent any other party or parties to obtain an abstract of title during my term or terms of office as circuit clerk and recorder of Knox county.

"In consideration of above privilege and exclusive right, I, the undersigned, Arnold Davidson, as party of the first part, promise to expend the necessary money

and labor to get up a full and complete abstract of title of real property of Knox county, in approved manner and style. I futher bind myself, for the above mentioned consideration, to loan to the party of the second part, on his individual note bearing interest at the rate of ten (10) per cent. per annum, interest payable semi-annually, the sum of three hundred dollars ($300.00) on the tenth day of April, 1873, for such time as the said Randolph shall continue in office as circuit clerk and recorder of Knox county. In addition to said loan and for above consideration of above mentioned privileges and rights, I, Arnold Davidson, give to the said Randolph, party of the second part, during his term or terms of office as circuit clerk and recorder, one-fourth of all profits arising out of said abstracts of title, and in further addition, at the expiration of his present term of office, one-sixth of the actual cost of making said abstract, or, at my option, I, Arnold Davidson, will pay to said Randolph, in lieu of this one-sixth of the cost of making the abstract, the sum of two hundred dollars ($200.00) at the termination of his present term of office. Should the said Randolph be elected after the expiration of his present term to the same office of circuit clerk and recorder, in lieu of this mentioned one-sixth part and in its stead, I, Arnold Davidson, will pay at the expiration of such terms of office, to the said Randolph, one third of the actual cost of making said abstract of titles, or, at my option, in lieu of this one third of the cost of making said abstract, will pay to the said Randolph the sum of four hundred dollars ($400.00.)

"I, Edward M. Randolph, party of the second part, give to Arnold Davidson, party of the first part, his heirs or assigns, hereby a legal lien on this hereby acquired interest in said abstract of title of real property of Knox county, to secure the payment of the within mentioned note, and bind myself further to give to the party of the first part, at the termination of the term or terms of office, on payment of any balance due me, a full release

of all the interest acquired by this agreement. Correct books of account are to be kept by the party of the first part, his heirs or assigns, which shall at all times be open to the inspection of the party of the second part.

"The party of the first part reserves the right to divide his interest in said abstract of title with as many partners as he may see fit, or to sell and assign his right and title in the abstract of title of Knox county to any party whatsoever and whomsoever, subject to above conditions and to the interest acquired hereby by said E. M. Randolph.

"This agreement to be null and void if the said party of the first party does not commence the work of making and taking said abstract of title in reasonable time, or before the expiration of three (3) months from date. The agreement regarding the different interests acquired by this agreement by said Randolph to be null and void if, during his term or terms of office, any other party or parties are making or getting an abstract of title of the real property of Knox county from the records in his charge.

"In witness whereof, they have hereunto set their hands and seals the day and year first above written.

"ARNOLD DAVIDSON. [SEAL.]
"ED. M. RANDOLPH. [SEAL.]

"Signed sealed and delivered in the presence of H. R. Parsons.

"Signed and delivered in duplicate, which is herewith filed."

The answer alleges that Parsons and Slaughter were really secret partners in said contract at the time of its execution, and afterwards became open partners therein, and that defendant was also a member of said co-partnership; that the note was taken by plaintiffs with full knowledge of its consideration. The answer sets up that at the time he executed said agreement he objected to the clause therein which made it obligatory upon him

not to permit other parties to make abstracts from the records; and that in fact he signed it with the distinct understanding and interpretation placed thereon by all the parties that he was only to use his influence to prevent others from making abstracts from the records, and to throw all his influence in favor of the abstract named in the contract.

The answer then proceeds to set out, by way of a counter-claim, the performance of the contract on his part, and alleges that plaintiffs and Anderson, in conjunction with defendant's services through his office, made large profits out of the enterprise, which they had failed to account to him for; and prays for an accounting, and for judgment against plaintiffs for the amount justly coming to him. On a trial had before the court, without a jury, the court found for the defendant. Both parties seem to have excepted to overruling motions for new trial, and to have appealed from the judgment of the court.

WILLIAM ELLISON and McQUOID & CLANCEY, for the appellants.

I. A counter-claim is interposed based on defendant's official influence as clerk of the circuit court. This counter-claim, and the contract upon which it is founded, was not admissible in evidence, and was against public policy. Story on Contracts, 705.

II. Plaintiffs should have been permitted to recover, for their right to recover on the note did not depend on the illegal transaction to support it. The test in such cases is, is the plaintiff compelled to bring in the illegal transaction in order to make out his case? *Tyler v. Larimore*, 19 Mo. App. 445; *Green v. Corrigan*, 87 Mo. ——; *Chouteau v. Allen*, 70 Mo. 352; *Evans v. Dravo*, 24 Pa. St. 62; *Holt v. Green*, 73 Pa. St. 198; *Frost v. Plumb*, 40 Conn. 111; *Woodman v. Hubbard*, 5 Foster, 67; *Morton v. Gloster*, 46 Maine, 520; *Stewart v. Davis*, 31 Ark. 518.

III.   By loaning the money to defendant at interest, it was not intended to part with the right to or property in the money.   Plaintiffs did not renounce their right to its return, and are entitled to recover it back.   *Hall v. Corcoran*, 107 Mass. 251 ; *Dwight v. Brewster*, 1 Pick. 50 ; *Woodman v. Hubbard, supra ; Morton v. Gloster, supra; Stewart v. Davis, supra.*

IV.   Defendant nowhere pleads, or asks by objection to testimony or otherwise, that plaintiffs be defeated by reason of the illegal contract.

V.   Evidence explaining or varying the terms of a written instrument is not admissible.   *Jones v. Shaw*, 67 Mo. 667, and cases cited.

Andrews & Rogers, for the respondent.

I.   If the contract is illegal as being against public policy, as claimed by plaintiffs, then the note given in pursuance of it was also illegal.   The case must be decided upon the whole evidence, and this shows that the loan and the contract were really one transaction. When the whole contract is not reduced to writing at one time, the different parts will be construed together. *Life Ass'n Am. v. Cravens*, 60 Mo. 388.

II.   One of the principal inducements for the loan was, that defendant should use his official influence in behalf of plaintiffs.   Where one item of the consideration for an entire contract is illegal, the whole contract is void. *Broitch v. Guelick*, 37 Ia. 212 ; *Valentine v. Stewart*, 15 Cal 387 ; *Moore v. Bonnett*, 40 Cal. 251 ; *Warren v. Chapman*, 105 Mass. 67 ; 2 Kent's Com. 464.

III.  The cases cited by plaintiffs are all cases in which "the cause of action was not essentially founded upon something which was illegal."   In the case at bar, plaintiffs' cause of action is essentially founded upon the illegal contract pleaded and proved.

IV.   A partnership was formed between defendant and Davidson, who was soon after succeeded by the plaintiffs.   After the contracts, plaintiffs must divide

the profits. *Brooks v. Martin*, 2 Wall. (U. S.) 70; *Tenant v. Elliott*, 1 Bosanquet & Puller. The case in 2nd Wallace strongly supports this claim. Here, only a small · portion of the partnership business was illegal.

PHILIPS, P. J.—I. It is conceded by both parties that the note sued on was given pursuant to and in further-ance of the contract pleaded in the answer. That this contract is void as being in contravention of public policy and good morals is conceded by plaintiffs. The evidence shows quite clearly that the plaintiffs were either immediately interested in the contract at the time of its execution, or that they became so shortly there-after, and were fully apprised of the consideration of the note when they took the assignment of David-son's interest therein; in fact, the note was made to the plaintiffs, except Slaughter, who knew all about it. As the official custodian of the records of his office defendant held them in trust for the pub-lic. Every citizen had the right of access to them, and to use them for any legitimate purpose. And when the defendant and Davidson stipulated that the defend-ant should either exclude others from using the records for the purpose of making out abstracts, or to use his influence to prevent and hinder their free use, it was a most reprehensible compact, tending to the subversion of official duty, and inviting official corruption.

The learned counsel for plaintiffs, quite ingeniously seeks to evade the effect of the admitted taint in the contract by assuming that the test in such actions as this is, whether the plaintiff is compelled in opening to the court or jury to bring in the illegal transaction in order to develop his case; that if he can show a com-plete cause of action without being compelled to resort to the illegal transaction, he may recover, notwithstand-ing the cause of action may have had its origin remotely in a transaction forbidden by sound policy and morals.

If this position be correct, A could sue and recover judgment against B on a note given him by B in consideration that A would murder some enemy of B. For, just as the plaintiff did in this case, all A would have to do at the trial to make out a *prima facie* case, would be to read his note in evidence and rest. It being a promissory note for value expressed on its face, by the rule of law it imports a valuable consideration.

The rule invoked by plaintiff has no application to the facts of this case. It can only apply to that class of actions where the cause of action is not essentially based upon something which was illegal, but upon some supervening right not depending mediately upon the illegal transaction for its support. One of the very authorities cited by plaintiff (*Frost v. Plumb*, 40 Conn. 111–113), shows the proper distinction: " The plaintiff cannot recover whenever it is necessary for him to prove, as a part of his cause of action, his own illegal transaction ; but if he can show a complete cause of action without being obliged to prove his own illegal act, although such illegal act may incidentally appear, and may be important as explanatory of other facts in the case, he may recover. It is sufficient, *if his cause of action is not essentially founded upon something which is illegal.*"

The cause of action sued on by plaintiff, is essentially founded upon something which he himself admits is illegal. The note was provided for in the very contract, and was given in pursuance thereof. It has no other consideration.

Gray, J., in *Hall v. Corcoran* (107 Mass. 253), very succinctly expresses the rule thus : " The general principle is undoubted, that courts of justice will not assist a person who has participated in a transaction forbidden by statute to assert rights growing out of it, or to relieve himself from the consequences of his own illegal act. Whether the form of action is in contract or in tort, the test in such case is, *whether, when all the facts are dis-*

*closed,* the action appears to be founded in a violation of law, in which the plaintiff has taken part."

Where the defendant, as in this case, pleads and proves the contract, it is the same as if the plaintiff had put it in evidence to show the consideration. *Braitch v. Guelick,* 37 Ia. 212 ; *Warren v. Chapman,* 105 Mass. 87. This precise question is considered and determined adversely to plaintiff's contention in *Hamilton v. Schull's Adm'r* (25 Mo. 165) ; *vide McCoy v. Green* (83 Mo. 626).

II.  It is further insisted by plaintiff that although the money was loaned in pursuance of the illegal compact, the plaintiff did not part with the right to the money, or its return. In support of this proposition we are referred to the following cases : *Hall v. Corcoran,* 107 Mass. 251 ; *Dwight v. Brewster,* 1 Pick. 50 ; *Woodman v. Hubbard,* 5 Foster, 67 ; *Stewart v. Davis,* 31 Ark. 518. These authorities are inapplicable. They but assert the principle, that where A hires a horse to B to perform a journey to a designated place, in violation of the Sunday law, which prohibits such contracts on Sunday, and B turns aside and goes to some other point, or otherwise converts the horse, the illegal hiring will not prevent the owner from recovering his horse or suing for the conversion. While A could not recover, on the contract of hiring, the stipulated amount, he did not part with his right of property in the horse, nor his right to have him returned.

Whereas, in the case at bar, the plaintiff did part with his money. Its absolute ownership was passed to the borrower. The creditor in suing on the note does not seek to recover the money in kind, nor for a wrongful conversion, but he sues on the contract, and must recover in damages for its breach, the failure to pay according to the bond.

III.  The record shows that both parties appealed from the judgment of the common pleas court ; but the plaintiff claims that he brought the transcript to this court,

and he is designated as appellant on the docket here, and the defendant as respondent. The bill of exceptions is a joint bill. Respondent contends that one record covers the whole case, and that he is entitled to have the issue on his counter-claim reviewed on this appeal. Be this as it may, I am unable to see what defendant has appealed from. The court simply found the issues for the defendant; and its judgment was "that the plaintiffs take nothing. by their writ, and that the defendant go without day, and recover of the plaintiffs his costs in this behalf expended, and that execution issue therefor."

There does not appear to have been any separate finding as to the defendant's counter-claim. If it be conceded that this was an imperfect finding by the court, it was error; but such errors, as I understand the rule of practice, can only be taken advantage of by appropriate motion in the lower court. *Hickman v. Byrd*, 1 Mo. 495; *Fenwick v. Logan*, 1 Mo. 401; *Davidson v. Peck*, 4 Mo. 446; *Finney v. State*, 9 Mo. 633: *Biglow v. Ry. Co.*, 48 Mo. 510; *State ex rel. v. Dulle*, 45 Mo. 271; *Newton v. Miller et al.*, 49 Mo. 298; *Sweet v. Maupin*, 65 Mo. 65, where all the authorities are reviewed.

The defendant did not file any motion in arrest; while his motion for new trial not only failed to raise any such question, but complained of the verdict of the court, because it had improperly found the issue against him on his counter-claim. This was not sufficient. *Sweet v. Maupin*, *supra*.

It follows that the judgment of the common pleas court should be affirmed. Hall, J., concurring, it is so ordered. Ellison, J., having been of counsel, did not sit at the hearing.