Smith v. Lindsey.

SMITH *et al.*, *Appellants*, V. LINDSEY.

1. **Ejectment: COMMON GRANTOR: TITLE.** In ejectment, where both parties claim through a common grantor and plaintiff shows that he has acquired the latter's title, he establishes a *prima facie* right, and unless defendant can trace his title or right to the true owner, if such common grantor is not the true owner, or can show a better title to the interest of the common grantor than the plaintiff, the latter must prevail.

2. ——: ——: ——: **EVIDENCE.** In such action plaintiff has the right to show by competent evidence that defendant derived whatever interest he had in the land in question from the common source of title, and this may be shown by the defendant himself.

3. **Lost Records: SECONDARY EVIDENCE.** Where the record of deeds has been destroyed, resort may be had to secondary evidence to establish what the lost records would show, and the abstract and index to the record of deeds required by Revised Statutes, sections 3816 and 3819, to be made are competent evidence for that purpose, where the party offering it shows that the original deed is not in his possession or under his control and cannot be found.

4. **Pleading: PRACTICE: WAIVER.** An answer which denies the material allegations of the petition, without specifying what allegations are denied, is bad pleading, but where no objection is made to it in the trial court and the parties proceed to trial, treating it as sufficient, the Supreme Court will not consider objections made there to its sufficiency.

*Appeal from Hickory Circuit Court.*—HON. BEN. V. ALTON, Judge.

REVERSED.

*F. P. Wright* and *Amos S. Smith* for appellants.

(1) The answer is insufficient. *Arthur v. Brooks*, 14 Barb. 533; *Pry v. Railroad Co.*, 73 Mo. 123; *Long v. Long*, 79 Mo. 648; *Wright v. Butler*, 64 Mo. 165. The court erred in submitting the case to the jury. (2) The court erred in sustaining a demurrer to the evidence.

Plaintiff had made a *prima facie* case which was not re-butted, and for this purpose it was sufficient to prove prior possession either in themselves or grantor. *Miller v. Hardin*, 64 Mo. 546; *Day v. Alvison*, 9 Wend. 223; Adams on Ejectment, 32. (3) The court erred in refus-ing to admit in evidence the abstract and indexes of Pitts' title. Greenl. Evid. [3 Ed.] sec. 509; *Barton v. Murrain*, 27 Mo. 235; *Boyce v. Mooney*, 40 Mo. 104. (4) The court also erred in refusing to compel defend-ant, while testifying as a witness in the cause, to answer whether he claimed under persons who claimed by con-veyance from Pitts, so as to show that Pitts was the common source of title. Starkie on Evid. [9 Ed.] 111; *Hardy v. Heard*, 15 Ark. 184; *McCormick v. Fitzmorris*, 39 Mo. 32; 1 Starkie on Evid. (Sharswood) 756.

*F. M. Wilson* and *C. S. Essex* for respondent.

(1) Plaintiffs should have demurred to the answer, or moved to strike out. R. S. 1879, secs. 3524, 3526 and 3528; *Howell v. Stewart*, 54 Mo. 400; *Phillips v. Evans*, 38 Mo. 305; *Houston v. Lane*, 39 Mo. 495; *Sappington v. Jeffries*, 15 Mo. 629. Plaintiff treated the answer as a general denial and cannot now for the first time object to its insufficiency. *Edmonson v. Phillips*, 73 Mo. 57; *Smith v. City of St. Joe*, 45 Mo. 449; *Collins v. Trotter et al.*, 81 Mo. 275; *St. Joe Fire & Marine Co. v. Harlan*, 72 Mo. 203; *Howell v. Reynolds Co.*, 51 Mo. 154; *Henslee v. Cannefax*, 49 Mo. 290. And the judgment will not be reversed on this account. R. S., sec. 3582, sub-divisions 5 and 8; *Id.* 3583-4. The insufficiency of the answer having been waived by plaintiffs and treated as a general denial, an issue of fact was tendered and the court properly impanneled a jury. R. S., sec. 3600. In case of *Long v. Long*, 79 Mo. 648, cited by counsel, there was a motion to strike out and objections to repli-cation taken at proper time. (2) Plaintiffs failed to

show either title or right of possession and the demurrer was properly sustained. R. S., sec. 3247; *Beal v. Harmon*, 38 Mo. 435; Adams on Ejectment, 33; 2 Greenleaf Evid., sec. 303. It was not shown or admitted that John D. Pitts was the common source of title and hence it was not sufficient to prove prior possession either in plaintiffs or grantor Pitts, and the case of *Miller v. Hardin*, 64 Mo. 546, does not apply. (3) The court properly refused to admit in evidence the abstract indexes to show title in Pitts, as plaintiffs failed to lay a foundation for such secondary evidence. 1 Greenleaf [13 Ed.] sec. 349. There was no proof of the loss or destruction of the original deeds, or that they were not in the possession of plaintiffs. R. S., sec. 2302. Plaintiffs did not testify, and these facts could not be shown by a third person not the proper custodian of such deeds. *Chouteau v. Searcy*, 8 Mo. 733; *Coble v. McDaniel*, 33 Mo. 363; *Strain v. Murphy*, 49 Mo. 337. (4) Plaintiffs must rely upon the strength of their own title. *Norfleet v. Russell*, 64 Mo. 170; *Large v. Fisher*, 49 Mo. 307; *Ford v. French*, 72 Mo. 250; *Dunlap v. Henry*, 76 Mo. 106; *Cape Girardeau, etc., Road Co. v. Renfroe*, 58 Mo. 265; *Foster v. Evans*, 51 Mo. 39; *Clarkson v. Stanchfield*, 57 Mo. 573. (5) Appellants cannot recover for the reasons that they failed to show any title in Pitts, their grantor, or that he held possession of the lands in question for sufficient length of time to give him title by reason of the operation of the statute, or that he held under any claim of right. *Alexander v. Campbell*, 74 Mo. 176.

NORTON, J.—This suit is by ejectment to recover the possession of the southeast quarter of section 23, township 27, range 21, located in Hickory county. The defendant answered denying "every material allegation of the petition." On the trial of the cause the court instructed the jury that under the evidence the plaintiff could not recover, and rendered judgment for defendant,

Smith v. Lindsey.

frcm which the plaintiffs have appealed, and assign for error the action of the court in giving the above instruction and refusing to receive proper evidence.

The evidence of plaintiffs tended to show that in 1876, and for sometime prior thereto, one John D. Pitts had been in the possession of the land sued for, claiming it to be his own; that in 1876, said land had, by virtue of certain attachment proceedings, been sold as the property of said Pitts, sheriff deeds made to the purchasers, under which other *mesne* conveyances whatever title said Pitts owned had passed to the plaintiffs. The ouster was proved as laid in the petition. During the progress of the trial defendant was introduced by plaintiffs, who testified that in 1880 he was, and still is, exercising control over the land as his own, and that he regarded the land as his. He was then asked if he held the land as tenant of parties who held under Pitts, and whether he claimed title to the land as derived through parties who claimed title through said Pitts. The court sustained objections made to these questions and refused to allow the witness to answer them, and in this, we think, committed error.

In the case of *Hardin v. Miller*, 64 Mo. 545, it is held that, in ejectment, when plaintiff and defendant claim through a common source of title, it is sufficient for the plaintiff to deduce his title from the common source of title. It is sufficient for plaintiff to show prior possession as owner, either in himself or grantor, and if it shall appear that defendant holds under the common grantor it is unnecessary to go farther, the title of the common grantor is acknowledged, and so far the rule that plaintiff must recover on the strength of his own title is departed from. As against some unknown person the title of both may be worthless, the common grantor not being the true owner, but as between the two parties we have only to enquire which one acquires the title of the grantor, whatever that might have been.

When this is shown by the plaintiff he establishes a *prima facie* right, and unless the defendant can trace his title or right to the true owner, if such common grantor is not the true owner, or can show a better title to the interest of such grantor, the plaintiff must prevail. There can be no doubt but that the plaintiffs had the right to show, if they could, that defendant derived whatever interest he had in the land in dispute from Pitts, or those who claimed under him, and that Pitts was the common source of title, and there can be no doubt of plaintiffs' right to establish that fact by any competent witness cognizant of the fact; and as defendant was a competent witness, the questions propounded to him for the purpose of showing this fact, which was relevant to the issue, and which plaintiffs had a right to prove, were proper, and the court committed error in refusing to allow the witness to answer them, and for this error the judgment will be reversed, and, as the cause will be remanded, it will be proper to add that, as the record of deeds in Hickory county had been destroyed by fire, resort to secondary evidence to establish what the lost records would show, is permissible, and the abstract and index to the record of deeds required to be made by sections 3816 and 3819, Revised Statutes, competent evidence for that purpose, the plaintiffs first establishing the fact that the original deed, or deeds, are not in their possession, or under their control, and could not be found. The evidence introduced, we think, laid a sufficient foundation for the introduction of the secondary evidence offered.

Notwithstanding the answer of the defendant only denied the "material allegations of the petition," inasmuch as no objection was made to it in the trial court, and the parties proceeded to trial, treating it as sufficient, we are justified, by repeated rulings of this court, in omitting to consider objections now made in this

court to its sufficiency. *Edmondson v. Philips*, 73 Mo. 57; *Collins v. Trotter*, 81 Mo. 275.

Judgment reversed and cause remanded. All concur.