JOHN KAMERICK, Respondent, v. LEWIS CASTLEMAN *et al.*, Appellants.

Kansas City Court of Appeals, March 19, 1888.

1. PRACTICE—RULE OF LIABILITY AS TRESPASSER—CASE ADJUDGED. On the point of the liability of defendants as trespassers, in this case, the court adheres to its former ruling in this case, in 23 Mo. App. 481. There was no judgment rendered for possession, and the levy of writ of execution was only made after indemnifying bond given to constable, and in executing it the makers promoted the wrongful act. The execution in such case is no protection even to the officer.

2. ——— ——— VERDICT OF JURY—OBJECTION NOT MADE IN TRIAL COURT.—An objection in this court that the jury returned no verdict as to some of the issues tendered cannot be entertained here when defendants, neither by motion for new trial nor in arrest, raised any such question in the trial court.

3. ——— INSTRUCTIONS—ABSTRACT OF RECORD.—Where the instructions complained of are not set out in the abstract of record furnished by appellant, this court will not consider them.

4. ——— ALLOWANCE OF INTEREST—CONSTRUCTION OF SECTION 2723, REVISED STATUTES, CONCERNING.—In the case of conversion of property, interest is allowed as a measure of damages. The ruling under section 2723, Revised Statutes, that interest on an account does not accrue until after demand made, has application exclusively to matters arising *ex contractu* and not *ex delicto*.

APPEAL from Cooper Circuit Court, HON. E. L. EDWARDS, Judge.

*Affirmed.*

The case is sufficiently stated in the opinion of the court.

GEORGE A. CASTLEMAN, COSGROVE & JOHNSTON, and W. B. PENDLETON, for the appellants.

I. The statement before the justice in the case of *Castleman v. Kamerick,* under the landlord and tenant act, conformed to the statute. Rev. Stat., sec. 3098. The justice had jurisdiction to render judgment for the rent and possession of the premises. Freeman on Judg. [3 Ed.] sec. 517.

II. The constable, in executing the writ of possession, does not become a trespasser by reason of any irregularity in the judgment. *Sanders v. Rains,* 10 Mo. 770 ; *Higden v. Conway,* 12 Mo. 295 ; *Howard v. Clark,* 43 Mo. 348. Or even upon a void judgment if the writ is regular upon its face. *Sanders v. Rains, supra ; Howard v. Clark, supra.*

III. The second instruction given for plaintiff is inconsistent with the contract between the parties, and authorizes the jury to substitute one method of cultivating and caring for the corn, while the contract specified another—that Kamerick might disregard the conditions of his contract with Castleman.

IV. No demand, except the suit, was ever made by plaintiff of Castleman. The claim of plaintiff does not bear interest, and it was error to authorize the recovery of interest as in the plaintiff's first instruction. *Compton v. Johnson,* 19 Mo. App. 93 ; *Phillips v. Laclede Co.,* 76 Mo. 68.

V. It was error for the trial court to withdraw from the jury the question of damages to defendant by reason of the alleged breach of contract by Kamerick to

cut and shock the wheat. The contract was admitted—
there was evidence tending to show a breach and of loss
of wheat by delay, and expenses in cutting with a
"dropper" greater than they would have been with a
"binder"—and these constitute the natural and proxi-
mate consequences of the alleged breach.

VI. Defendants' answer alleged a counter-claim
for damages—there was evidence tending to prove dam-
ages growing out of violation of contract by plaintiff,
but the jury failed to find upon the issue in their
verdict. The proof upon the part of the plaintiff
consisted of the record of the said proceedings
before Justice Waller, of the bond of indemnity
signed by defendants and of general testimony
of the value of corn and the testimony of the
constable as to his putting Castleman in possession of
the land, that he did only what the writ commanded
and did not attempt to do more.

VII. As tenant in common of the crop, Castleman
had a right to enter peacefully upon the land and take
the corn, and for such action cannot be held at all in
trespass. *Otis v. Thompson*, Hill and Denio, 131; *Fi-
quet v. Allison*, 12 Mich. 331 ; *Daniels v. Brown*, 34 N.
H. 494. Except upon the question of the *quantum* of
damages, the facts in the case are undisputed, and the
matter may be briefly disposed of. The rights of the
parties in this action grow out of and are limited by the
contract between Castleman and Kamerick, whereby the
latter agreed to cultivate, "on shares," one crop upon
the farm of the former.

VIII. The record therein was brought into this
cause by plaintiff for the sole purpose of making a
*prima-facie* case against defendants, Wallace and Cock-
rell, under *Wetzell v. Waters*, 18 Mo. 396, and *Leubber-
ing v. Oberkoetler*, 1 Mo. App. 93, on account of their
signatures to the indemnifying bond of the constable.
Those gentlemen "aided and abetted" constructively
only (none of them being present at the alleged tres-
pass), hence are not liable under the rule laid down in

*McManus v. Lee*, 43 Mo. 206. Their liability, if any, is limited to the trespass of taking the corn, and if Castleman had a right to go in, they are not liable in any form. He (Castleman) was not in any sense a wilful wrongdoer.

DRAFFEN & WILLIAMS and J. F. TAYLOR, for the respondent.

I. Appellants have filed no abstract of the record, and if their statement be treated as an abstract, the instructions complained of are not set out, nor is their substance. This court will not consider them, except to treat them as correct. *Goodson v. Railroad*, 23 Mo. App. 76; *Hyatt v. Wolf*, 22 Mo. App. 191; *Cuomo v. St. Joseph*, 24 Mo. 567; *Hausman v. Hope*, 20 Mo. App. 193.

II. The justice of the peace of Palestine township had no jurisdiction of the subject-matter of the suit for possession, under the landlord and tenant's act, of lands in Kelly township. This defect appeared upon the face of all the papers. Acts of 1881, p. 156; *Hessey v. Keitkamp*, 9 Mo. App. 36; *Allen v. Scharringhausen*, 8 Mo. App. 229. Upon the former appeal, counsel for appellants said: "We do not deem it possible * * * to vindicate the jurisdiction of the justice in the above case" (*Castleman v. Kamerick*).

III. Inasmuch as the justice had no jurisdiction of the subject-matter, the execution, for this reason, without reference to the many other irregularities after it came to the constable's hands, was no protection, even to the officer. *Howard v. Clark*, 43 Mo. 344; *Warrensburg v. Colburn*, 77 Mo. 56.

IV. But this suit is not against the officer. The plaintiff in the writ cannot claim protection, even where the officer can. The sureties in the bond of indemnity are liable if the principal therein is. *Wetzel v. Waters*, 18 Mo. 396.

V. It is true that there was no separate finding on

the counter-claim. The jury, after allowing the defendants such part of the damages claimed in Castleman's answer, as they believed should be allowed upon the counter-claim, found that there was a balance due plaintiff of $176.26. (*a*) "There is no question as to the merits; and it might fairly be considered that the general finding for plaintiff should be regarded as an express negation of every plea. The ancient practice is relaxed; and at a time and in states where attention to form was more rigorously enforced than with us, a similar finding has been sustained; and it has been called 'an affectation of precision,' by Chief Justice Gibson, to arrest the judgment on grounds so purely technical." *Erdbruegger v. Meier*, 14 Mo. App. 258. (*b*) No point as to the verdict was made in the motion for a new trial, and no motion in arrest was filed. If the point was well taken, the objection comes too late. It was not made in the lower court, either by motion for new trial or by motion in arrest of judgment. *Erdbruegger v. Meier*, *supra; Parsons v. Randolph*, 21 Mo. App. 353; *Sweet v. Maupin*, 65 Mo. 65.

VI. The plaintiff was clearly entitled to interest on the value of his property from the date of its wrongful conversion. This court so held, and it is the general rule in such cases. It is the general rule in such cases. *Kamerick v. Castleman*, 23 Mo. App. 481; *Watson v. Harmon*, 85 Mo. 443. Cases cited by appellants were suits upon contracts and governed as to interest by section 2773, Revised Statutes.

VII. This case was retried strictly in accordance with the opinion rendered by this court, when it was here before. We shall not re-discuss the questions then settled. We invoke the rule, so frequently announced, that "upon a second appeal, only such matters will be noticed as were not determined in the previous decision;" and, "a matter once decided by this court cannot, on a second appeal, be again brought in question. It is *res adjudicata*." *Bank v. Taylor*, 62 Mo. 338; *Adair*

*County v. Ownby*, 75 Mo. 282 ; *Gains v. Fender*, 82 Mo. 497 ; *Conroy v. Iron Works*, 75 Mo. 651.

VIII. There are only three points suggested now, that were not necessarily passed upon, when the case was here before. One, that there was no separate finding upon the counter-claim, and, as this is not preserved by the motion for new trial, or by motion in arrest, it cannot be considered here. The others are, as to two of plaintiff's instructions in reference to the counter-claim. While we insist that they were correct, yet as they are not set out in the statement or abstract, they cannot be considered. *Hyatt v. Wolf*, 22 Mo. App. 191.

PHILIPS, P. J.—This cause was here on appeal, and is reported in 23 Mo. App. 481. The judgment was reversed and the cause remanded. On its return to the circuit court, the defendant, Castleman, filed amended answer, as was held he might do, setting up a counter-claim, alleging various breaches on the part of plaintiff of the contract of lease. The plaintiff again recovered judgment, and defendants have again appealed. Various errors are assigned as grounds of reversal.

I. The principal contention is to have this court reconsider its former decision, in holding that defendants could be made liable as trespassers for the act of Castleman in entering upon the premises as he did, and appropriating the whole of the common property belonging to him as lessor and the plaintiff as lessee, then on the premises, to-wit, corn standing in the field ready for gathering. We held on full consideration, that, although the entry of Castleman was not, in the ordinary sense, *vi et armis*, yet as the so-called process, under which the constable coerced the surrender of plaintiff, was absolutely void, the action of the justice of the peace being *coram non judice*, it was by false color of his office, and the apparent authority attaching to it, that the plaintiff was induced to yield the possession ; this we held was tantamount to force, and on the authority of *Daniel v.*

*Brown*, 34 N. H. 459, this made him a trespasser *ab initio;* and of consequence, the conversion of the crop related back to the wrongful, violent entry. To that ruling we adhere.

It was apparent on the face of the record in the justice's court, that the land in question lay in Kelly township, while the action was brought in Palestine township, and that justice had no jurisdiction over a possessory action, under the landlord and tenant act, of land situate in another township. Laws of Mo. 1881, p. 156 ; *Hessey v. Heitcamp*, 9 Mo. 36 ; *Hansberger v. Railroad*, 43 Mo. 196 ; *Rohland v. Railroad*, 89 Mo. 80. No judgment, it seems, was in fact rendered by the justice for the possession. After execution issued the justice made an indorsement on the writ directing restitution. The constable was aware of this, and was afraid to proceed to its execution in this particular, without an indemnifying bond. This bond was given by defendants for the very purpose of inducing the constable to proceed ; and in executing it the makers encouraged and promoted the wrongful act. The execution in such case is no protection, even to the officer. *Town of Warrensburg v. Miller*, 77 Mo. 66. Accordingly it was held, in *Howard v. Clark*, 43 Mo. 344, that if the court has no jurisdiction over the subject-matter, the officer executing the writ is supposed to know it, and the execution issued upon the judgment is no protection to him.

As already said, the very object of the defendants in executing the bond of indemnity was to stimulate the officer to proceed to the execution of this writ. In such case they are as much liable as the officer—the principal actor—in the wrongful act. *Wetzell v. Waters*, 18 Mo. 396 ; *Peckham v. Glass Co.*, 9 Mo. App. 459.

But, say the learned counsel, there was no responsible connection between the act of taking possession of the land, and the subsequent wrongful conversion by Castleman of the crop. That was the very matter of contention on the former appeal, and it was directly determined against the appellants' contention. We

held, on the authority of *Daniels v. Brown, supra,* that where the party thus enters he is to be regarded as a trespasser *ab initio,* and in such instance he is not only liable in the action for all damages resulting from the tort to the land, but also for the damages resulting from the carrying off or converting the common property of the landlord and tenant. None of the authorities cited by appellants affect this principle, as they are not predicated of parallel facts.

II. It is next assigned for error that the jury returned no verdict as to the issue tendered on the counter-claim. Without undertaking to say that the verdict finding the issues for the plaintiff, and assessing his damage, was not tantamount to a finding against the validity of the counter-claim, it is a *quietus* to this objection to say, that it cannot be entertained here, for the reason that defendant, neither by motion for new trial nor in arrest, raised any such question in the trial court. *Erdbruegger v. Meier,* 14 Mo. App. 258; *Parsons v. Randolph,* 21 Mo. App. 362, *loc. cit.*

III. Criticism is made on various instructions alleged to have been given by the trial court. These instructions are not set out in the abstract of record furnished by appellants. We cannot, therefore, consider them, as has been repeatedly held.

IV. As to the allowance of interest on the claim of the plaintiff from the date of the conversion of the property, even if that was done by the jury, it was not error. Interest in such case is allowed as a measure of damages. *Watson v. Harmon,* 85 Mo. 447, *loc. cit.* The ruling under section 2723, Revised Statutes, that interest on an account does not accrue until after demand made, has application exclusively to matters arising *ex contractu,* and not *ex delicto.*

It follows that the judgment of the circuit court must be affirmed. It is so ordered. All concur.