COOLEY CREDIT COMPANY, Appellant, v. B. F. TOWNSEND, Respondent.

Kansas City Court of Appeals, June 29, 1908.

1. **OFFICES AND OFFICERS: Salary: Assignment: Public Policy.** The assignment by a public officer of his salary is contrary to public policy and void and the courts will not enforce it.

2. **——: ——: ——: ——: Damages.** An action for damages for failure to comply with the assignment of his salary by a public officer is tantamount to an action to enforce it, especially where the plaintiff avers and must prove the illegal transaction.

Appeal from Saline Circuit Court.—*Hon. Samuel C. Davis,* Judge.

AFFIRMED.

*Virgil V. Huff* for appellant.

(1) The case should have been submitted to the jury. The question of the validity of the assignment does not affect the right of the plaintiff to recover on account of money had and received. The plaintiff had the right to neglect the security and sue for the debt. Bank v. Goodloe-McClelland Com. Co., 93 Mo. App. 136; Owings v. McKenzie, 133 Mo. 323; McMillan v. Grayston, 83 Mo. App. 425. (2) Granting, *arguendo,* that the transaction between the parties was a sale of unearned salary and void, as claimed by the defendant, still, in such case, the defendant holds a sum of money which he got possession of by means of a void, nonenforceable contract—therefore, without consideration; and plaintiff has an undoubted right to recover this money. Gwin v. Smur, 101 Mo. 553; Gwin v. Smur, 49 Mo. App. 365. (3) Defendant parted with nothing when he received plaintiff's money, nor has he parted with anything since. If defendant returns plaintiff's money with interest the parties will be even. Defendant has, without consideration, received money which is the property of the plaintiff, and the ties of natural justice and equity make it the duty of the defendant to refund the same. Clark v. Bank, 50 Mo. App. 285; Winningham v. Faucher, 52 Mo. App. 463; Cary v. Curtis, 3 How. (U. S.) 246; Sharp v. Carthage, 48 Mo. App. 31; Quarles v. Hall, 100 Mo. App. 526 et seq.; Richardson v. Drug Co., 92 Mo. App. 520; Wood v. Kansas City, 162 Mo. 312; Deal v. Bank, 79 Mo. App. 269; Railway Co. v. McLinney, 32 Mo. App. 176; Jacoby v. O'Hearn, 32 Mo. App. 571; Koontz v. Bank, 51 Mo. 279; Chase v. Willman Co., 63 Mo. App. 486. (4) Il-

legality to constitute a defense must be a necessary and not merely a collateral fact to the cause of the plaintiff and relied upon by him. 9 Cyc. 556, and cases cited; McDearmott v. Sedgwick, 140 Mo. 172; Hatch v. Hanson, 46 Mo. App. 323; Reed v. Railway, 50 Mo. App. 506.

*Robt. M. Reynolds* for respondent.

(1.) The assignment by a public officer of the future salary of his office, is contrary to public policy and is void. Bell v. McVicker, 8 Mo. App. 202; State v. Williamson, 118 Mo. 151; State ex rel. v. Kent, 98 Mo. App. 290. (2) The appellant brings this action, alleging that it is for money had and received. It is true that where a person receives money which of right belongs to another, the latter may maintain an action therefor, as for money had and received. But it is equally as true that, with such class of cases, the rule is the same as with all others, that before he can invoke and obtain the assistance of the court, the case must be such that it is neither essentially founded upon something which is illegal, nor essentially shown in the establishment of his case that his dilemma has been occasioned by his own participation in some wrongdoing or violation of law or matter of public policy. Parsons v. Randolph, 21 Mo. App. 360; Allgear v. Walsh, 24 Mo. App. 140; Tyler v. Larrimore, 19 Mo. App. 458; Rozelle v. Bank, 141 Mo. 43; Kitchen v. Greenabaum, 61 Mo. 110; Hall v. Corcoran, 107 Mass. 253.

BROADDUS, P. J.—This is a suit for $50 which plaintiff alleges he paid to defendant on a contract which he claims defendant failed to perform. The suit was commenced in a justice's court. The facts are, that plaintiff gave to the defendant according to his own statement $47.50 for $50, of his salary as policeman of

the city of St. Louis, for the month of November, 1901. At the time of the transaction, defendant made an assignment of that much of his salary to plaintiff and executed a power of attorney authorizing plaintiff to collect the same. The defendant collected his entire salary for the month, hence this suit. The court instructed the jury to return a verdict for defendant and the judgment being for defendant plaintiff appealed.

The plaintiff denominates his action as one for money had and received, but his statement shows that he is making a claim not for the $47.50, which he paid defendant but for $50 the amount of salary for which he contracted with interest at six per cent from the date of the contract December 1, 1901. The proceeding was begun in a justice's court and the plaintiff's statement there filed after alleging the transaction contains the following allegation: "Defendant did not comply with and fulfill his said contract with paintiff, in that defendant failed and refused to repay plaintiff the fifty dollars had and received as above stated, and failed and refused to pay over all or any part of the salary above sold and set over to plaintiff. Defendant colected the above salary on or about December 1, 1901, and retained the same, refusing to pay the same to the plaintiff as he had agreed to do."

It is well settled law that an assignment or a contract of sale by a public officer of his salary is contrary to public policy and void. [State v. Williamson, 118 Mo. 146; State ex rel. v. Kent, 98 Mo. App. 281.] Courts will not aid the enforcement of such contracts. [Roselle v. Farmers' Bank, 141 Mo. 36; Kitchen v. Greenabaum, 61 Mo. 110; Parsons v. Randolph, 21 Mo. App. 353.]

This case being in the nature of an action to recover damages for a violation of the terms of the contract is tantamount to an action to enforce and therefore cannot be maintained. It is a principle of law; "that a party to an unlawful contract shall not receive

the aid of the law to enforce that contract, or to compensate him for the breach of it." [Hall v. Corcoran, 107 Mass. 1. c. 256.]

And it is held in Parsons v. Randolph, 21 Mo. App. 353, that, "The plaintiff cannot recover whenever it is necessary for him to prove, as a part of his cause of action his own illegal transaction." The plaintiff not only pleaded the illegal transaction but he testified to it at the trial.

The cause is affirmed. All concur.