## MARGARET H. SLOAN v. SETH CHITWOOD, Appellant.

Division Two, March 9, 1909.

1. **EJECTMENT: Title From Common Source.** Where both parties claim under a common source of title, under which both parties derive their claim to the land, it is not necessary that plaintiff show title from the original patentee. And that rule does not impugn the other that plaintiff in ejectment must recover upon the strength of his own title and not upon the weakness of his adversary's title.

2. ————: **Dividing Line: Question of Fact: No Instructions.** Where the whole controversy was over the dividing line—where

Sloan v. Chitwood.

it was originally established, or agreed upon by the parties' respective grantors, and whether the fence recently erected by defendant was on that line, and whether defendant had used, occupied and cultivated the land up to said fence erected by him for ten consecutive years, claiming title thereto—and the court sitting as a jury heard the evidence, and found against defendant on that issue, and no instructions were asked or given, nothing but a question of fact is involved in the appeal, and the judgment will be affirmed.

Appeal from Reynolds Circuit Court.—*Hon. Jos. J. Williams,* Judge.

AFFIRMED.

*J. H. Chitwood, S. L. Clark* and *G. H. Yount* for appellant.

*G. D. Sloan* and *R. I. January* for respondent.

GANTT, P. J.—This is an action in ejectment in statutory form for a strip of land containing in all *two-fifths of an acre,* in the east half of lots five and six in the northeast quarter of section 6, township 29, range one, west, in Reynolds county, Missouri.

This litigation grows out of the dispute as to a boundary line between the respective farms of plaintiff and defendant. Ouster was laid as of March 20, 1905. The answer admitted possession and denied all the other allegations, and pleaded the ten-year Statute of Limitations.

The strip in lot 5 of the northeast quarter of said section was originally entered by John Buford, and that in lot 6 was entered by Pate Buford. Plaintiff deraigned her title through Pate Buford and mesne conveyances down to George Sloan and Alexander Sloan and William P. Moyer and then by partition deed between these last-named parties, by which the tract on the east side of the dividing line between plaintiff and defendant was conveyed to Alexander Sloan,

December 16, 1873, which was duly recorded. Alexander Sloan and wife by deed February 11, 1879, conveyed said tract to Damaris Leigh. Leigh died in 1895, leaving plaintiff as sole heir at law.

Defendant owns the land on the west of this tract, being a part of the land conveyed to William R. Moyer in the partition deed. Moyer conveyed to Ezell in 1872. Ezell conveyed to Gentry Moyer, and Moyer to Wadlow, and Wadlow to Rumberg. Rumberg conveyed the land to Cromwell and Cromwell to defendant Chitwood.

The evidence tended to prove that Ezell and Alexander Sloan built a partition fence between said tracts about thirty-one or two years before the trial. That fence was washed away and other fences were from time to time erected, which met the same fate. The location of the old fence was identified by the various witnesses, by line trees and by what the witnesses called a "turn row." James Faulkenberry, the county surveyor of Reynolds county, surveyed the lands in March, 1905, from the description that was used by John Buford, Hugh Chitwood and John B. Wood, commissioners, about thirty years prior to the time of his survey. The surveyor did not have the official field notes of the survey of the line between the lands of plaintiff and defendant. The evidence on the part of plaintiff tended to prove that the fence erected by defendant was east of the line of the old Ezell fence, whereas the evidence on the part of the defendant tended to show defendant's fence was on the old or Ezell line. Defendant testified he claimed down to that line. No instructions were asked or given and the cause was tried to the court without a jury. The court found for the plaintiff and in due time motions for a new trial and in arrest were filed and overruled, and defendant appealed to this court.

The respective counsel have argued the law as to what constituted sufficient adverse possession to es-

tablish title by adverse possession, but as neither side requested any declaration of law, this court cannot know what view of this question the learned circuit court took. There was evidence tending to show that prior owners of defendant's land only claimed to the true line wherever it might be. The only grounds of error outside of the complaint that the finding was against the evidence saved in the motion for new trial are that the court admitted incompetent evidence and rejected competent testimony.

I.  It is insisted that the court erred in admitting the deed of Pate Buford to Campbell and Chamberlain because there was no deed from John Buford to Pate Buford to the land in lot 5. No error was committed in admitting the deed for the reason it conveyed the land in lot 6 and Pate Buford was the original patentee of lot 6. The same objection was made to the other deeds for the same reason and was properly overruled. But defendant now insists that as plaintiff showed no record title to lot 5 from the original patentee she cannot recover as to that lot. While the plaintiff in ejectment must recover upon the strength of his own title and not upon the weakness of his adversary's title, it is equally well settled that where both parties claim under a common source of title, to-wit, the deed from Chamberlain and Campbell to George D. Sloan, Alexander Sloan and William R. Moyer, under which grantees both plaintiff and defendant derived their respective parts of said lands, it was unnecessary for plaintiff to show title back of that common grantor. [Huff v. Morton, 94 Mo. l. c. 408; Smith v. Lindsey, 89 Mo. 76; Miller v. Hardin, 64 Mo. 545.]

No point is made in this court that any competent evidence offered by defendant was excluded by the court. The whole controversy was over the dividing

217 Sup—30.

line, where it was originally established, and agreed upon by Ezell and Sloan, and whether the fence recently erected by defendant was on that line, and whether defendant had used, occupied and cultivated the land up to said fence erected by him for ten consecutive years, claiming title thereto, and the court heard the evidence, saw the witnesses and found against defendant on that issue. Nothing but a question of fact is involved in this appeal and where there was evidence tending to sustain defendant's claim as to his fence being on the agreed line and that he had occupied up to said line, there was evidence that his fence was not on the agreed line and he had not occupied the land up to said fence or line for the statutory period so as to acquire title by limitation, and in this condition of the record this court will not disturb the judgment of the circuit court. We may add that if the maxim *de minimis* ever should apply, this is the proper place for its application. Judgment affirmed.

*Burgess* and *Fox, JJ.*, concur.